UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUILLERMINA RODRIGUEZ GARCIA, *on behalf of themselves and all others similarly situated,*<br><br>Plaintiff<br><br>-against-<br><br>THREE DECKER RESTAURANT, LTD (d/b/a "3 Decker Restaurant"), 1746 FOOD CORP (d/b/a "3 Decker Restaurant "), ATHANASIOS RAFTOPOULOS, RAMIRO TECORRAL, and MEREDITH RAFTOPOULOS, *individually,*<br><br>Defendants | Case No.: 1:22-cv-01387<br><br>**COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, GUILLERMINA RODRIGUEZ GARCIA ("Plaintiff"), by and through her undersigned attorneys, Sacco & Fillas LLP, files this Complaint against Defendants, THREE DECKER RESTAURANT, LTD (d/b/a "3 Decker Restaurant"), 1746 FOOD CORP (d/b/a "3 Decker Restaurant"), ATHANASIOS RAFTOPOULOS, RAMIRO TECORRAL, and MEREDITH RAFTOPOULOS (collectively, "Defendants"), located at 1746 Second Avenue, New York, New York 10028, or any other business entity doing business as "3 Decker Restaurant", located at 1746 Second Avenue, New York, New York 10028 and states as follows:

## I.  NATURE OF THE ACTION

1. This action is brought to recover unpaid minimum and overtime wages, unpaid spread-of-hours pay, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and New York Labor Law § 190, et seq. ("NYLL").

2. Defendants failed to compensate Plaintiff and other non-exempt workers at the statutory minimum wage rate required by the FLSA and the NYLL for all hours worked.

3. Defendants regularly required non-exempt workers to work in excess of forty hours per week and paid them at rates that failed to compensate them for overtime pay of time and one

and one half (1½) times their regular wage rate for hours worked over forty per workweek, as required by the FLSA and NYLL.

4.      Defendants imposed an unlawful tip pool requiring them to pay a share of their gratuities to non-tip eligible employees/manager(s) and misappropriated gratuities owed to Plaintiff.

5.      Defendants also failed to pay Plaintiff and other non-exempt workers spread-of-hours pay and provide them with wage notices or wage statements, in violation of NYLL and the New York Wage Theft Prevention Act ("WTPA").

6.      Plaintiff brings this action to recover unpaid minimum wage and overtime pay, unpaid spread-of-hours pay, misappropriated gratuities, statutory damages for violation of the WTPA, liquidated damages, pre-and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## II.      JURISDICTION AND VENUE

7.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## III.    PARTIES

### A.  PLAINTIFF GUILLERMINA RODRIGUEZ GARCIA

9.      Plaintiff GUILLERMINA RODRIGUEZ GARCIA is an adult resident of Bronx County, New York.

10.      Plaintiff GUILLERMINA RODRIGUEZ GARCIA was employed by Defendants as a waitress, whose responsibilities included taking orders, serving food to customers, and inputting orders.

11.     Plaintiff GUILLERMINA RODRIGUEZ GARCIA was employed by Defendants at Defendants' restaurant known as "3 Decker Restaurant", located at 1746 Second Avenue, New York, New York.

12.     Plaintiff GUILLERMINA RODRIGUEZ GARCIA was employed by Defendants from approximately December 27, 2011, to approximately January 1, 2022.

13.      Throughout her employment, GUILLERMINA RODRIGUEZ GARCIA was an employee engaged in interstate commerce or in the production of goods for interstate commerce.

**B.  DEFENDANT THREE DECKER RESTAURANT, LTD (d/b/a "3 Decker Restaurant")**

14.     Defendant THREE DECKER RESTAURANT, LTD (d/b/a "3 Decker Restaurant") is a domestic business corporation organized and existing under the laws of the State of New York, with a principal place of business at 1746 Second Avenue, New York, New York 10028.

15.     Defendant, ATHANASIOS RAFTOPOULOS, is the registered service of process name and address on Department of State, Division of Corporations Entity Information for Defendant THREE DECKER RESTAURANT, LTD (d/b/a "3 Decker Restaurant").

16.     Defendant, ATHANASIOS RAFTOPOULOS, is the Chief Executive Officer of Defendant THREE DECKER RESTAURANT, LTD (d/b/a "3 Decker Restaurant").

17.     Defendant THREE DECKER RESTAURANT, LTD (d/b/a "3 Decker Restaurant") has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

18.     Defendant THREE DECKER RESTAURANT, LTD (d/b/a "3 Decker Restaurant") operated using the phone number "212-289-9936."

19.     Defendant THREE DECKER RESTAURANT, LTD (d/b/a "3 Decker Restaurant") is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

20.     Within the three years prior to the filing of this Complaint, THREE DECKER RESTAURANT, LTD (d/b/a "3 Decker Restaurant") had an annual gross volume of sales in excess of $500,000.

**C.   DEFENDANT 1746 FOOD CORP (d/b/a "3 Decker Restaurant ")**

21.     Defendant 1746 FOOD CORP (d/b/a "3 Decker Restaurant") is a domestic business corporation organized and existing under the laws of the State of New York, with a principal place of business at 1746 Second Avenue, New York, New York 10028.

22.     Defendant, ATHANASIOS RAFTOPOULOS, is the registered service of process name and address on Department of State, Division of Corporations Entity Information for 1746 FOOD CORP.

23.     Defendant, ATHANASIOS RAFTOPOULOS, is the Chief Executive Officer of 1746 FOOD CORP (d/b/a "3 Decker Restaurant").

24.     Defendant 1746 FOOD CORP (d/b/a "3 Decker Restaurant") has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

25.     Defendant 1746 FOOD CORP (d/b/a "3 Decker Restaurant") operated using the phone number "212-289-9936."

26.     Defendant 1746 FOOD CORP (d/b/a "3 Decker Restaurant") is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

27.     Within the three years prior to the filing of this Complaint, Defendant 1746 FOOD CORP (d/b/a "3 Decker Restaurant") had an annual gross volume of sales in excess of $500,000.

### D.  **DEFENDANT ATHANASIOS RAFTOPOULOS**

28.     Upon information and belief, Defendant, ATHANASIOS RAFTOPOULOS, is an owner, general manager, officer, director and/or managing agent of 3 Decker Restaurant, whose address is unknown at this time and who participated in the day-to-day operations of 3 Decker Restaurant, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law§ 2 and the Regulations thereunder, and is jointly and severally liable with 3 Decker Restaurant.

29.     The individual Defendant, ATHANASIOS RAFTOPOULOS exercised control over the terms and conditions of employees' employment, including Plaintiff, in that they have and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

30.     Defendant ATHANASIOS RAFTOPOULOS is the owner of THREE DECKER RESTAURANT, LTD (d/b/a "3 Decker").

31.     Defendant ATHANASIOS RAFTOPOULOS is the owner of 1746 FOOD CORP (d/b/a "3 Decker").

32.     Defendant ATHANASIOS RAFTOPOULOS is listed as a principal on the liquor license for THREE DECKER RESTAURANT, LTD (d/b/a "3 Decker").

33.     Defendant ATHANASIOS RAFTOPOULOS is the former Chief Executive Officer of THREE DECKER EMPORIUM, INC which operated at 1746 2ND AVE, NEW YORK, NY, United States, 10128

34.     Defendant ATHANASIOS RAFTOPOULOS is the Chief Executive Officer of 1746 FOOD CORP (d/b/a "3 Decker")

35.     Defendant ATHANASIOS RAFTOPOULOS is the former Chief Executive Officer of THREE DECKER EMPORIUM, INC which operated at 1746 2ND AVE, NEW YORK, NY, United States, 10128

36.     Defendant ATHANASIOS RAFTOPOULOS is the Chief Executive Officer of 1746 FOOD CORP (d/b/a "3 Decker")

37.     Defendant ATHANASIOS RAFTOPOULOS is the owner of real property with the address 1746 2 AVENUE, New York, New York, 10128.

38.     Defendant ATHANASIOS RAFTOPOULOS conducted a job interview of Plaintiff.

39.     Defendant ATHANASIOS RAFTOPOULOS had authority to hire Plaintiff.

40.     Defendant ATHANASIOS RAFTOPOULOS played a significant role in authorizing Plaintiff to be hired.

41.     Defendant, ATHANASIOS RAFTOPOULOS, creates and implements crucial business policies, including decisions concerning the number of hours the employees are required to work, the amount of pay that the employees are entitled to receive, and the method and manner by which the employees are to be paid.

42.     Upon information and belief, at all times material herein, ATHANASIOS RAFTOPOULOS had the authority to hire and fire employees of Miramar, set wages, and otherwise control the terms and conditions of their employment.

43.     Upon information and belief, at all times material herein, ATHANASIOS RAFTOPOULOS has established and exercised authority regarding the managerial and administrative practices at 3 Decker Restaurant. He has power over payroll decisions, including the power to retain time and/or wage records.

44.     Defendant ATHANASIOS RAFTOPOULOS exercised sufficient control over the operations of 3 Decker Restaurant to be considered Plaintiff's and the waitstaff's employer under the FLSA and NYLL.

45.     In Rojas v. Three Decker Rest., Ltd., No. 19-CV-8592 (LJL), 2020 WL 3182773 (S.D.N.Y. June 15, 2020), Defendants paid another former employee $65,000.00 to settle claims for violations of the FLSA and NYLL.

**E.  DEFENDANT RAMIRO TECORRAL**

46.     Upon information and belief, Defendant, RAMIRO TECORRAL, is a general manager, officer, director and/or managing agent of 3 Decker Restaurant, whose address is unknown at this time and who participated in the day-to-day operations of 3 Decker Restaurant, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with 3 Decker Restaurant.

47.     The individual Defendant, RAMIRO TECORRAL exercised control over the terms and conditions of employees' employment, including Plaintiff, in that they have and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

48.     Defendant, RAMIRO TECORRAL, creates and implements crucial business policies, including decisions concerning the number of hours the employees are required to work, the amount of pay that the employees are entitled to receive, and the method and manner by which the employees are to be paid.

49.     Defendant RAMIRO TECORRAL had authority to, and did, schedule Plaintiff's work hours.

50. Defendant RAMIRO TECORRAL had authority to, and did, pay Plaintiff her wages on a regular basis.

51. Defendant RAMIRO TECORRAL took advantage of his position as manager to unlawfully withhold gratuities which lawfully belonged to Plaintiff.

**F. DEFENDANT MEREDITH RAFTOPOULOS**

52. Upon information and belief, Defendant, MEREDITH RAFTOPOULOS, is an owner, general manager, officer, director and/or managing agent of 3 Decker Restaurant, whose address is unknown at this time and who participated in the day-to-day operations of 3 Decker Restaurant, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law§ 2 and the Regulations thereunder, and is jointly and severally liable with 3 Decker Restaurant.

53. Upon information and belief, the individual Defendant, MEREDITH RAFTOPOULOS exercised control over the terms and conditions of employees' employment, including Plaintiff, in that they have and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

54. Defendant MEREDITH RAFTOPOULOS is listed as a principal on the liquor license for THREE DECKER RESTAURANT, LTD (d/b/a "3 Decker").

**IV. FACTUAL ALLEGATIONS**

55. From approximately 2011 until approximately March 16, 2020, Plaintiff worked Monday through Friday from approximately 6:00 AM until approximately 3:00 PM without an uninterrupted lunch break (approximately 45 hours per week).

56.     From approximately March 16, 2020, to approximately August 2020, Plaintiff did not work for Defendants.

57.     From approximately August 2020 to approximately September 21, 2020, Plaintiff worked Saturday, Sunday from approximately 3:00 PM to approximately 9:00 PM and on Monday and Wednesday from approximately 7:00 AM until approximately 3:00 PM (approximately 28 hours per week).

58.     From approximately September 21, 2020, to approximately October 2020, Plaintiff worked seven days per week for two weeks and six days per week for the remaining 1-2 weeks.  Plaintiff's shift was approximately 7:00 AM to approximately 3:00 PM on all days except Tuesdays; on Tuesdays, she worked approximately 3:00 PM to approximately 9:00 PM (approximately 78 hours per week)

59.     From approximately October 2020 until approximately January 1, 2022, Plaintiff worked approximately 7:00 AM to approximately 3:00 PM on Saturday, Sunday, Monday, Wednesday, and worked from approximately 3:00 PM to approximately 9:00 PM on Tuesdays (approximately 38 hours per week).

60.     Before March 16, 2020, Plaintiff worked approximately fifteen (15) Saturday or Sunday shifts per year, and each shift was from approximately 6:00 AM until approximately 4:00 PM (approximately 10 hours per day).

61.     From approximately 2014 until approximately March 16, 2020, Plaintiff was paid a fixed salary of $260 per week.

62.     From approximately March 16, 2020, until approximately August 2020, Defendants paid Plaintiff fixed weekly rate of approximately $170 to $190 per week.

63.     Plaintiff was paid in cash.

64.     Defendants did not pay Plaintiff GUILLERMINA RODRIGUEZ GARCIA at one and one-half (1½) times her regular hourly rate for hours worked above forty per week.

65.     Defendants did not furnish Plaintiff GUILLERMINA RODRIGUEZ GARCIA with wage notices upon hiring or whenever her rate of pay changed.

66.     Defendants did not furnish Plaintiff GUILLERMINA RODRIGUEZ GARCIA with each wage payment a wage statement that provided, inter alia, Plaintiff GUILLERMINA RODRIGUEZ GARCIA's regular and overtime rates of pay and the number of hours worked.

67.     Defendants did not provide Plaintiff GUILLERMINA RODRIGUEZ GARCIA and the other servers working at 3 Decker Restaurant with notice of the tip credit provisions of the FLSA and the NYLL, or their intent to apply a tip credit to the servers' wages.

68.     Defendants failed to properly provide notice to Plaintiff, that the Defendants were taking a "tip credit".

69.     Defendants failed to keep proper records showing the amount of tips received each day and each week by Plaintiff.

70.     Plaintiff was never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit."

71.     Defendants improperly applied a tip credit because they failed to provide lawful notice regarding the tip credit to Plaintiff GUILLERMINA RODRIGUEZ GARCIA and the other servers. As such, they deprived Plaintiff and the other servers of their statutory minimum wages under the FLSA and the NYLL.

72.     Throughout each Plaintiff's employment, Defendants required Plaintiff to share her tips under a pooling arrangement that included three non-tip-eligible individual(s), including a cook whose job was to prepare food and manager Defendant RAMIRO TECORRAL.

73.     Defendants withheld a portion of Plaintiff's tips.

74. Plaintiff was required to report her tips to Defendant RAMIRO TECORRAL so he could withhold a portion of them for himself or distribute them to other workers with whom he had a personal relationship, either by friendship or familial.

75. For every shift on Saturday and Sunday, Plaintiff was required to forfeit approximately 25% of her tips to Defendant RAMIRO TECORRAL. In total, Plaintiff was required to forfeit approximately $137.50 in tips for every shift on Saturday and Sunday during her employment.

76. From July 2020 to approximately January 1, 2022, Defendant RAMIRO TECORRAL worked the same shifts as Plaintiff and required Plaintiff to forfeit a portion of her tips to him. On shifts falling from Monday to Friday, Defendant RAMIRO TECORRAL withheld approximately 50% of the tips, which totaled approximately $112 per shift withheld on those days.

77. Defendants never paid Plaintiff tips which were paid on credit cards.

78. From approximately June 2016 until approximately March 16, 2020, Plaintiff was forced to forfeit approximately half of her tips to the kitchen worker / cook as follows: On Mondays and Tuesdays, Plaintiff had to forfeit approximately $45 per shift in tips. Upon information and belief, the subject cook was a friend of Defendant RAMIRO TECORRAL

79. Defendants required Plaintiff to participate in an unlawful tip pool

80. Had Plaintiff kept all the tips she earned by serving her tables, she would have kept approximately 70% of the tips earned when she was forced to enter a tip pool.

81. Upon information and belief, Defendants have more than eleven (11) employees.

82. Defendants had no punch card or automated time keeping system.

83. Plaintiff did not punch a time clock or otherwise document her start and end times each workday.

84.     Upon information and belief, at all relevant times, upon information and belief, and during Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

85.     Upon information and belief, Plaintiff's employer did not keep track of her daily working hours.

86.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff wages for all hours worked; minimum wages; or overtime (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

87.     Plaintiff was not given a meal break.

88.     Defendants required Plaintiff to sign documents that she was not able to change or read to release her pay.

89.     Plaintiff was, at times, called upon to sign blank "time sheets."

90.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned wages, in contravention of the FLSA and New York Labor Law.

91.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## V.     COLLECTIVE ACTION ALLEGATIONS

92.     Plaintiff brings the claims in this Complaint arising out of the FLSA on behalf of herself and all similarly situated waitstaff who are or were employed at Roberto's since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

93.     The FLSA Collective consists of approximately thirty similarly situated servers, bussers, and bartenders (*i.e.,* waitstaff) who have been victims of Defendants' common policy and

practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum wages, overtime wages, and other monies.

94.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice includes, *inter alia*, the following:

     a.   failing to pay the FLSA Collective the statutory minimum wage for all hours worked;

     b.   failing to pay the FLSA Collective overtime wages at one and one-half times their regular hourly wage rates for all hours worked over forty per workweek;

     c.   failing to provide adequate tip credit notice to members of the FLSA Collective per the FLSA and NYLL;

     d.   redistributing portions of the tips earned by members of the FLSA Collective to managerial employees; and

     e.   failing to keep full and accurate records of all hours worked by the FLSA Collective, as required by the FLSA and NYLL.

95.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their compensation.

96.     Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant monetary damage to Plaintiff and the FLSA Collective.

97.     The FLSA Collective would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through their records. Those similarly situated employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

## VI.    <u>FIRST CLAIM - Fair Labor Standards Act - Unpaid Overtime</u>

98.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

99.    Defendants were required to pay Plaintiff one and one-half (1½) times her regular hourly rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 et seq.

100.    Defendants have failed to pay Plaintiff the overtime wages to which she was entitled under the FLSA.

101.    Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

102.    Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## VII.    <u>SECOND CLAIM - New York Labor Law - Unpaid Overtime</u>

103.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

104.    Under the NYLL and supporting New York State Department of Labor ("NY DOL") regulations, Defendants were required to pay Plaintiff one and one-half (1½) times her regular hourly rates for all hours worked in excess of forty.

105.    Defendants have failed to pay Plaintiff the overtime wages to which she was entitled under the NYLL.

106.    Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay overtime wages.

107.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

**VIII.**    <u>**THIRD CLAIM - New York Labor Law - Failure to Provide Wage Notices**</u>

108.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

109.    The NYLL and the Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

110.    Defendants failed to furnish to Plaintiff whenever there was a change to her rate of pay a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191, and anything otherwise required by law; in violation of NYLL § 195(1).

111.    Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from the Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL § 198(1-b).

**IX.**    <u>**FOURTH CLAIM - New York Labor Law - Failure to Provide Accurate Wage Statements**</u>

112.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

113.    The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they are paid.

114.    Defendants failed to furnish to Plaintiff, with each wage payment, a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

115.     Due to Defendants' violation of the NYLL § 195(3), Plaintiff is entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## X.     FIFTH CLAIM - New York Labor Law - Spread-of-Hours Pay

116.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

117.     Defendants have willfully failed to pay Plaintiff and other servers additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten hours.

118.     By Defendants' failure to pay Plaintiff and other servers spread-of-hours pay, Defendants willfully violated the NYLL Article 19, §§ 650, et seq., and the supporting New York State Department of Labor Regulations, including, but not limited to, the Wage Hospitality Industry Wage Order, 12 N.Y.C.R.R. § 146-1.6.

119.     Due to Defendants' willful violations of the NYLL, Plaintiff and servers that opt-in to this action are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

## XI.     SIXTH CLAIM - New York Labor Law - Misappropriation of Gratuities

120.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

121.     Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiff and the other non-exempt waitstaff employees in violation of the NYLL, Article 6, § 196-d and the supporting NYDOL Regulations.

122.     Defendants required Plaintiff and the other non-exempt waitstaff employees to share a portion of the gratuities they received with employees other than bussers, servers, or similar employees, in violation of NYLL, Article 6, § 196-d and the supporting NYDOL Regulations, including but not limited to 12 N.Y.C.R.R. § 146-2.14.

123.    By Defendants' knowing or intentional demand for, acceptance of, and/ or retention of a portion of the gratuities received by Plaintiff and the other non-exempt waitstaff employees, Defendants have willfully violated the NYLL, Article 6, § 196-d and the supporting NYDOL Regulations.

124.    Due to Defendants' willful violations of the NYLL, Plaintiff and the other non-exempt waitstaff employees are entitled to recover from Defendants their unpaid gratuities, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## XII.    <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff, on behalf of herself and the FLSA Collective, respectfully requests that this Court enter a judgment:

a.   authorizing the issuance of notice at the earliest possible time to all non-exempt employees who were employed by Defendants during the three years immediately preceding the filing of this action, up through and including the date of this Court's issuance of court-supervised notice, at Roberto's. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

b.   declaring that Defendants have violated the minimum and overtime wage provisions of the FLSA and the NYLL;

c.   declaring that Defendants have violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

d.   d. declaring that Defendants misappropriated gratuities in violation of the NYLL and the NYDOL Regulations;

e.   declaring that Defendants violated the notice and record keeping provisions of the WTPA;

f.   declaring that Defendants' violations of the FLSA and NYLL were willful;

g.  awarding Plaintiff and the FLSA Collective damages for unpaid minimum and overtime wages;

h.  awarding Plaintiff and the non-exempt waitstaff employees who opt into this lawsuit damages for spread-of-hours wages;

i.  awarding Plaintiff and the non-exempt waitstaff employees who opt into this lawsuit damages for misappropriated gratuities;

j.  awarding Plaintiff and the non-exempt waitstaff employees who opt into this lawsuit liquidated damages as a result of Defendants' failure to furnish accurate wage statements and wage notices pursuant to the NYLL and the WTPA;

k.  awarding Plaintiff and the FLSA Collective liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

l.  awarding Plaintiff and the non-exempt waitstaff workers who opt into this lawsuit pre-judgment interest pursuant to the NYLL;

m.  awarding Plaintiff and the FLSA Collective post-judgment interest as required under 28 U.S.C. § 1961(a);

n.  awarding reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

o.  awarding such other and further relief as the Court deems just and proper.

Dated: Astoria, New York
        February 18, 2022

Respectfully submitted,

By: _____*/s/ Clifford Tucker*_____
    Clifford Tucker, Esq.,
    Sacco & Fillas LLP
    3119 Newtown Ave, Seventh Floor
    Astoria, NY 11102
    Tel: 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
    CTucker@SaccoFillas.com

## CONSENT TO SUE

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to become a party plaintiff in an action to recover unpaid overtime, and other relief under the Fair Labor Standards Act.   (Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)

Name/Nombre: _Guillermina Rodriguez Garcia_

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/Firma X _____   Date/Fecha: __1/7_____, 202__2__

### DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

**TO**: THREE DECKER RESTAURANT, LTD (d/b/a "3 Decker Restaurant"), 1746 FOOD CORP (d/b/a "3 Decker Restaurant "),

**PLEASE TAKE NOTICE**, that GUILLERMINA RODRIGUEZ GARCIA, and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice

Dated: February 18, 2022
      Queens, New York

SACCO & FILLAS LLP

By: _____/s/ Clifford Tucker_____
    Clifford Tucker, Esq.
    3119 Newtown Ave, Seventh Floor
    Astoria, NY 11102
    Tel: 718-269-2243
    Fax: 718-559-6517
    *Attorneys for Plaintiff* GUILLERMINA
    RODRIGUEZ GARCIA
    Our File: 27482-22

**NOTICE OF INTENTION TO ENFORCE CORPORATE MEMBER LIABILITY FOR
SERVICES RENDERED**

TO: THREE DECKER RESTAURANT, LTD (d/b/a "3 Decker Restaurant"), 1746 FOOD
CORP (d/b/a "3 Decker Restaurant "), ATHANASIOS RAFTOPOULOS, RAMIRO
TECORRAL, and MEREDITH RAFTOPOULOS,

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business
Corporation Law of New York, you are hereby notified that GUILLERMINA RODRIGUEZ
GARCIA and others similarly situated intend to charge you and hold you personally liable, jointly
and severally, as one of the ten members with the largest percentage ownership interests of THREE
DECKER RESTAURANT, LTD (d/b/a "3 Decker Restaurant"). for all debts, wages, and/or
salaries due and owing to them as laborers, servants and/or employees of the said corporations for
services performed by them for the said corporations within the six (6) years preceding the date of
this notice and have expressly authorized the undersigned, as their attorney, to make this demand on
their behalf.

Dated: February 18, 2022
      Queens, New York

SACCO & FILLAS LLP

By: _____*/s/ Clifford Tucker*_____
    Clifford Tucker, Esq.
    3119 Newtown Ave, Seventh Floor
    Astoria, NY 11102
    Tel: 718-269-2243
    Fax: 718-559-6517
    *Attorneys for Plaintiff* GUILLERMINA
    RODRIGUEZ GARCIA
    Our File: 27482-22

**NOTICE OF INTENTION TO ENFORCE CORPORATE MEMBER LIABILITY FOR SERVICES RENDERED**

TO: THREE DECKER RESTAURANT, LTD (d/b/a "3 Decker Restaurant"), 1746 FOOD CORP (d/b/a "3 Decker Restaurant "), ATHANASIOS RAFTOPOULOS, RAMIRO TECORRAL, and MEREDITH RAFTOPOULOS,

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that GUILLERMINA RODRIGUEZ GARCIA and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten members with the largest percentage ownership interests of 1746 FOOD CORP (d/b/a "3 Decker Restaurant"). for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: February 18, 2022
      Queens, New York

SACCO & FILLAS LLP

By: _____ */s/ Clifford Tucker* _____
    Clifford Tucker, Esq.
    3119 Newtown Ave, Seventh Floor
    Astoria, NY 11102
    Tel: 718-269-2243
    Fax: 718-559-6517
    *Attorneys for Plaintiff* GUILLERMINA RODRIGUEZ GARCIA
    Our File: 27482-22