UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
GUILLERMINA RODRIGUEZ GARCIA, *on
Behalf of themselves and all others similarly situated*,

                        Plaintiff,              Case No. 22-CV-01387-CM

      -against-                            **ANSWER WITH**
                                                **COUNTER-CLAIMS**

THREE DECKER RESTAURANT, LTD., (d/b/a
3 Decker Restaurant), 1746 FOOD CORP., (d/b/a
3 Decker Restaurant), ATHANASIOS
RAFTOPOULOS, RAMIRO TECORRAL, and
MEREDITH RAFTOPOULOS, individually,

                        Defendants.
---------------------------------------------------------------X

        Defendants Three Decker Restaurant, LTD. (d/b/a 3 Decker Restaurant), 1746 Food

Corp. (d/b/a 3 Decker Restaurant), Athanasios Raftopoulos, Ramiro Tecorral and Meredith

Raftopoulos, by their attorneys, Naness, Chaiet & Naness, LLC, for their answer to the

Complaint:

## ANSWERING "NATURE OF THE ACTION"

1.     State that paragraph 1 sets forth conclusions of law as to which a response is not required,

but if one is required, deny the allegations of paragraph 1.

2.     Deny the allegations of paragraph 2 and aver that, regarding waiters and waitresses

(hereinafter "wait-staff"), they were paid significantly more than minimum wage every day and

every workweek.

3.     Deny the allegations of paragraph 3 and aver that wait-staff were paid significantly more

than time and one-half times their regular rate of pay for all hours worked over 40 in a

workweek.

4.      Deny the allegations of paragraph 4 and aver that the only time a manager participated in tip sharing was when they had to wait tables because the restaurant was short of staff and, thus, it was appropriate to participate in the tip sharing.

5.      Deny the allegations of paragraph 5 and aver that Plaintiff did not work more than 10 hours on any day and if she did work 10 or more hours she was paid significantly more than minimum wage on any such day thus obviating any requirement to pay spread of hours pay.  In addition, there was no obligation to furnish Plaintiff with a time of hire wage notice because Plaintiff was hired prior to the April 9, 2011 effective date of the Wage Theft Prevention Act (hereinafter "WTPA") and all workers receive wage statements on a weekly basis in full compliance of the WPTA.

6.      State that paragraph 6 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 6 and aver that at all times Defendants acted in good faith.

## ANSWERING "JURISDICTION AND VENUE"

7.      State that paragraph 7 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 7.

8.      Admit the allegations in paragraph 8.

## ANSWERING "PARTIES"

## ANSWERING "PLAINTIFF GUILLERMINA RODRIQUEZ GARCIA"

9.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

### ANSWERING "DEFENDANT THREE DECKER RESTAURANT, LTD"
#### (d/b/a "3 Decker Restaurant")

14.    Admit the allegations in paragraph 14.

15.    Admit the allegations in paragraph 15.

16.    Admit the allegations in paragraph 16.

17.    State that paragraph 17 sets forth conclusions of law as to which a response is not required, but if one is required, admit the allegations in paragraph 17.

18.    Admit the allegations in paragraph 18.

19.    State that paragraph 19 sets forth conclusions of law as to which a response is not required, but if one is required, admit the allegations of paragraph 19.

20.    Admit the allegations in paragraph 20.

**ANSWERING "DEFENDANT 1746 FOOD CORP. (d/b/a "3 Decker Restaurant")"**

21.    State that paragraph 21 sets forth conclusions of law as to which a response is not required, but if one is required, Defendants admit the allegations in paragraph 21 but aver that 1746 Food Corp. is a dormant business with no operations of any sort.

22.    Admit the allegations in paragraph 22.

23.    Admit the allegations in paragraph 23.

24.    Deny the allegations of paragraph 24.

25.    Deny the allegations of paragraph 25.

26.    Deny the allegations of paragraph 26.

27.    Deny the allegations of paragraph 27.

**ANSWERING "DEFENDANT ATHANASIOS RAFTOPOULOS"**

28.    State that paragraph 28 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 28.

29.    State that paragraph 29 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 29.

30.    Admit the allegations in paragraph 30.

31.    Deny the allegations of paragraph 31.

32.     Admit the allegations of paragraph 32.

33.     Admit the allegations in paragraph 33.

34.     Deny the allegations of paragraph 34.

35.     Admit the allegations in paragraph 35.

36.     Deny the allegations of paragraph 36.

37.     Admit the allegations of paragraph 37.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38.

39.     Admit the allegations of paragraph 39.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40.

41.     Deny the allegations of paragraph 41.

42.     Deny the allegations of paragraph 42.

43.     Deny the allegations of paragraph 43.

44.     State that paragraph 44 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 44.

45.     Deny the allegations of paragraph 45.

## ANSWERING "DEFENDANT RAMIRO TECORRAL"

46.     State that paragraph 46 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 46.

47.     Admit the allegations in paragraph 47.

48.     Admit the allegations in paragraph 48.

49.     Admit the allegations in paragraph 49.

50.     Admit the allegations in paragraph 50.

51.     Deny the allegations in paragraph 51.

## ANSWERING "DEFENDANT MEREDITH RAFTOPOULOS"

52.     Deny the allegations in paragraph 52.

53.     Deny the allegations in paragraph 53.

54.     Deny the allegations in paragraph 54.

## ANSWERING "FACTUAL ALLEGATIONS"

55.     Deny the allegations in paragraph 55.

56.     Admit the allegations of paragraph 56.

57.     Admit the allegations of paragraph 57.

58.     Deny the allegations in paragraph 58.

59.     Deny the allegations in paragraph 59.

60.     Deny the allegations in paragraph 60.

61.     Deny the allegations in paragraph 61, except admit that that Plaintiff was paid $260.00 for many weeks (based on hours worked) plus tips.

62.     Deny the allegations in paragraph 62.

63.     Admit the allegations of paragraph 63.

64.     Deny the allegations in paragraph 64.

65.     Deny the allegations in paragraph 65.

66.     Deny the allegations in paragraph 66.

67.     Deny the allegations in paragraph 67.

68.     Deny the allegations in paragraph 68.

69.     Deny the allegations in paragraph 69.

70.     Deny the allegations in paragraph 70.

71.     Deny the allegations in paragraph 71.

72.     Deny the allegations in paragraph 72.

73.     Deny the allegations in paragraph 73.

74.     Deny the allegations in paragraph 74.

75.     Deny the allegations in paragraph 75.

76.     Deny the allegations in paragraph 76.

77.     Deny the allegations in paragraph 77.

78.     Deny the allegations in paragraph 78.

79.     Deny the allegations in paragraph 79.

80.     Deny the allegations in paragraph 80.

81.     Deny the allegations in paragraph 81.

82.     Admit the allegations in paragraph 82 and aver that records of time worked were made manually, kept by Three Decker Restaurant, Ltd, and provided to employees.

83.     Deny the allegations in paragraph 83.

84.     Deny the allegations in paragraph 84.

85.     Deny the allegations in paragraph 85.

86.     Deny the allegations in paragraph 86.

87.     Deny the allegations in paragraph 87.

88.     Deny the allegations in paragraph 88.

89.     Deny the allegations in paragraph 89.

90.     Deny the allegations in paragraph 90.

91.     Deny the allegations in paragraph 91.

## ANSWERING "COLLECTIVE ACTION ALLEGATIONS"

92.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92.

93.     Deny the allegations in paragraph 93.

94.     Deny the allegations in paragraph 94 a. to e. inclusive.

95.     Deny the allegations in paragraph 95.

96.     Deny the allegations in paragraph 96.

97.     Deny the allegations in paragraph 97.

## ANSWERING "FIRST CLAIM – Fair Labor Standards Act – Unpaid Overtime"

98.     Repeat their responses to paragraphs 1 through paragraph 97 as if fully set forth herein.

99.     State that paragraph 99 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 99.

100.    Deny the allegations in paragraph 100.

101.    Deny the allegations in paragraph 101.

102.    Deny the allegations of paragraph 102.

**ANSWERING "SECOND CLAIM – New York Labor Law – Unpaid Overtime"**

103.   Repeat their responses to paragraphs 1 through paragraph 102 as if fully set forth herein.

104.   State that paragraph 104 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 104.

105.   Deny the allegations in paragraph 105.

106.   Deny the allegations in paragraph 106.

107.   Deny the allegations in paragraph 107.

**ANSWERING "THIRD CLAIM – New York Labor Law –
Failure to Provide Wage Notices"**

108.   Defendants repeat their responses to paragraphs 1 through paragraph 107 as if fully set forth herein.

109.   State that paragraph 109 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 109 and aver that since Plaintiff was hired prior to the April 9, 2011 implementation of the Wage Theft Prevention Act there was no obligation to furnish Plaintiff with a time of hire wage notice.

110.   Deny the allegations in paragraph 110.

111.   Deny the allegations in paragraph 111.

**ANSWERING "FOUTH CLAIM – New York Labor Law –
Failure to Provide Accurate Wage Statements"**

112.   Repeat their responses to paragraphs 1 through paragraph 111 as if fully set forth herein.

113.    State that paragraph 113 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 113.

114.    Deny the allegations in paragraph 114.

115.    Deny the allegations in paragraph 115.

## ANSWERING "FIFTH CLAIM – New York Labor Law – Spread of Hours Pay"

116.    Defendants repeat their responses to paragraphs 1 through paragraph 115 as if fully set forth herein.

117.    State that paragraph 117 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 117.

118.    Deny the allegations in paragraph 118.

119.    Deny the allegations in paragraph 119.

## ANSWERING "SIXTH CLAIM - New York Labor Law – Misappropriation of Gratuities"

120.    Repeat their responses to paragraphs 1 through paragraph 119 as if fully set forth herein.

121.    State that paragraph 121 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 121.

122.    Deny the allegations in paragraph 122.

123.    Deny the allegations in paragraph 123.

124     Deny the allegations in paragraph 124.

## ANSWERING "RELIEF DEMANDED"

125.    Defendants are not required to respond to the allegations in paragraphs a. through o. of the ad damnum clause as they are merely a statement of the relief Plaintiff seeks.  To the extent that a response is required Defendants deny that Plaintiff is entitled to any relief in this action.

## DEFENSES

### AS AND FOR A FIRST DEFENSE

126.    When including tips Plaintiff was always compensated well in excess of the amounts required by the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") minimum wage laws.

### AS AND FOR A SECOND DEFENSE

127.    Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### AS AND FOR A THIRD DEFENSE

128.    Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands.

### AS AND FOR A FOURTH DEFENSE

129.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

### AS AND FOR A FIFTH DEFENSE

130.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR A SIXTH DEFENSE

131.    Defendants did not suffer or permit Plaintiff to work overtime, and if Plaintiff did work overtime, it was only on a rare occasion.

## AS AND FOR A SEVENTH DEFENSE

132.    At all times relevant to Plaintiff's claims, Defendants acted in good faith and in conformity with all applicable federal, state, and local laws, rules, and regulations.

## AS AND FOR AN EIGHTH DEFENSE

133.    Plaintiff's claims are barred, in whole or in part, pursuant to, *inter alia*, the Portal-to-Portal Act, 29 U.S.C. § 259, and the NYLL because Defendants' have acted in good faith and in conformity with and reliance upon written administrative regulations, orders, rulings, interpretations, opinion letters, and/or administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or the New York State Department of Labor.

## AS AND FOR A NINTH DEFENSE

134.    Plaintiff's claims are barred, in whole or in part, pursuant to, *inter alia*, the Portal-to-Portal Act, 29 U.S.C. § 260, and the NYLL §§ 198 and 663 because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA and NYLL and, as such, Defendant asserts a lack of willfulness or intent to violate the FLSA or NYLL or any applicable federal or state law.

## AS AND FOR A TENTH DEFENSE

135.    To the extent Plaintiff is entitled to overtime payments (which Defendants vehemently deny) some or all of the claims by the Plaintiff and the putative members of the collective class may be subject to the *de minimis* rule, 29 C.F.R. § 785.47, because they involve insignificant amounts of work time.

## AS AND FOR AN ELEVENTH DEFENSE

136.    This Court should decline to grant supplemental jurisdiction over the state law claims which precede the federal statute of limitations, on the grounds that as to those, there is no federal question or other federal subject matter jurisdiction.

## AS AND FOR A TWELFTH DEFENSE

137.    This action cannot be maintained as a collective action as Plaintiff fails to meet the requirements of 29 U.S.C. § 216(b) and applicable case law.

## AS AND FOR A THIRTEENTH DEFENSE

138.    Plaintiff cannot bring this action in a representative capacity because she is not similarly situated to other employees.

## AS AND FOR A FOURTEENTH DEFENSE

139.    The necessity of individualized inquiries prevents this action from being a proper collective.

## AS AND FOR A FIFTEENTH DEFENSE

140.    Plaintiff's claims may not be brought as part of a collective to the extent that Plaintiff and the putative class seek penalties pursuant to the NYLL, including but not limited to, liquidated damages, which violates the proscriptions set forth in CPLR § 901(b).

## AS AND FOR A SIXTEENTH DEFENSE

141.    While asserting Plaintiff is seeking to only bring a collective action under FLSA §216(b) and not a class action under FRCP Rule 23 or CPLR § 901 (see Complaint paras 92 through 97), the Complaint improperly seeks to include NYLL state law claims in the FLSA collective (see Complaint paragraphs 119 (spread of hours claim) and 124 (gratuities claim)).

## AS AND FOR A SEVENTEENTH DEFENSE

142.    New York statute prohibiting class-action suits for statutory damages (CPLR § 901(b)) precludes federal courts in New York from exercising jurisdiction over putative class actions seeking statutory damages for violations of the state NYLL.

## AS AND FOR AN EIGHTEENTH DEFENSE

143.    One  or more members of the purported collective action were exempt employees under the administrative exemption as defined by the FLSA, or 29 U.S.C. § 213(a)(1), and NYLL, and the regulations and rulings thereunder, and thus are not entitled to overtime compensation under federal or state law.

## AS AND FOR A NINETEENTH DEFENSE

144.     One or more members of the purported collective action were exempt employees under the executive exemption as defined by the FLSA, 29. U.S.C. § 213(a)(1), and NYLL, and the regulations and rulings thereunder, and thus are not entitled to overtime compensation under federal or state law.

## AS AND FOR A TWENTIETH DEFENSE

145.     One or more members of the purported collective are due no overtime by virtue of the commissioned exemption of 29. U.S.C. § 207 (i) which state that "No employer shall be deemed to have violated subsection (a) by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services.  In determining the proportion of compensation representing commissions, all earning resulting from the application of a bona fide commission rate shall be deemed commissions on goods and services without regard to whether the computed commissions exceed the draw or guarantee."

## AS AND FOR A TWENTY-FIRST DEFENSE

146.     A meal was provided to Plaintiff during every shift at 10:30 a.m. to 11:00 a.m.; thus, Three Decker Restaurant, Ltd. is entitled to a meal credit for each shift worked by Plaintiff in an amount equal to the those permitted in 12 NYCRR 146-1.9.

## AS AND FOR A TWENTY-SECOND DEFENSE

147.    Defendants oppose collective action and dispute the propriety of collective treatment.  If the Court certifies a collective in this case over Defendants' objections, then Defendants assert the applicable affirmative and other defenses set forth herein against each and every member of the any certified collective action.

## AS AND FOR A TWENTY-THIRD DEFENSE

148.    Plaintiff and the putative class cannot recover liquidated damages because Defendants acted in good faith and had reasonable grounds for believing that their acts or omissions were not in violation of the FLSA or the NYLL and any other state or federal and hour statutes.

## AS AND FOR A TWENTY-FOURTH DEFENSE

149.    Defendants reserve the right to assert and allege any other defenses which have not yet been asserted by reason of lack of knowledge of the facts pertaining to these defenses and/or may subsequently become or may appear applicable to some or all of Plaintiff's claims.

## FACTS RELEVANT TO COUNTER-CLAIMS

150.    Guillermina Rodriquez Garcia was employed by Three Decker Restaurant, Ltd (hereinafter sometimes referred to as "the Restaurant") as a waitress for approximately ten years.

151.    During the course of her lengthy tenure as a restaurant employee, Plaintiff was treated with dignity and respect, and she never expressed any concerns about her compensation or treatment by the Restaurant.

152.    The Restaurant maintains two tip jars for tip sharing purposes, one by the cash register and a second by the water station near the entrance to the restaurant.  Tips are gathered and then counted and distributed to the wait staff at the end of each shift.  Legally, this is referred to as "tip sharing."

153.    The Restaurant maintains video surveillance cameras.  On two occasions, video footage shows the Plaintiff putting money from tips in her pocket and in her apron, thereby failing to place the money in the tip jars to share with her fellow wait staff.  In this manner, Plaintiff deprived her fellow employees of compensation to which they were entitled.  By absconding with the tip monies, as more fully explained below, Plaintiff acted inconsistent with the Restaurant's rights to distribute those tips to the wait staff and, if needed, receive a credit for such tips to satisfy tip credit requirements, among other things.  In addition, as a general matter, the Restaurant had a vested interest in ensuring that wait staff received the full amount of tips earned on a shift by shift basis.

154.    As per New York State regulation, 12 NYCRR 146-1.3, "An employer may take a credit towards the basic minimum hourly rate if a service employee or food service worker receives enough tips and if the employee has been notified of the tip credit as required by section 142-2.2. of this Part."  12 NYCRR 146-1.3(a) further states, "A service employee shall receive a wage of at least the hourly Cash Wage rate listed below, and credit for tips shall not exceed the hourly Credit rate listed below, provided that the weekly average of tips is at least the hourly Tip Threshold rate listed below and the total of tips received plus wages equals or exceeds the basic minimum hourly rate pursuant to section 146-1.2 of this Subpart."

155.   Thus, Plaintiff's misappropriation of tips could have negatively impacted the Restaurant's ability to ensure that wait staff received enough money to cover the tip credit at all times during Plaintiff's employment.  More specifically, the Restaurant had a vested interest in knowing whether the amounts of tips collected and distributed to wait staff was sufficient to cover the Tip Threshold rates listed in 12 NYCRR 146-1.3(a).  While it happens that the amounts collected and distributed to the wait staff always covered the threshold rates in 12 NYCRR 146-1.3(a) without counting the monies misappropriated by Plaintiff, Plaintiff should still be held accountable for her bad deed.

156.   The Restaurant also had a vested interest in ensuring that wait staff received the full amounts of tips earned on a shift by shift basis.  Plaintiff's misappropriation of said tip monies deprived the Restaurant of and wait staff of their interests in said monies.

157.   Upon information and belief, the practice of misappropriating tips was unabated during Plaintiff's tenure.

## FIRST COUNTER-CLAIM
### (Breach of the Duty of Loyalty

158.   Three Decker Restaurant, Ltd. re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs as if fully set forth herein.

159.   Plaintiff had a legal obligation not to violate the trust that was afforded her and to not misappropriate tip money by placing it in her pocket or apron rather than the tip jars for her own personal gain.  Under established case law, any such conduct constitutes a serious breach of Plaintiff's duty of loyalty.  Employer remedies for breach of duty of loyalty are broad and include compensatory damages, forfeiture of compensation and disgorgement of profits, and punitive damages.

160.    Due to Plaintiff's willful transgressions, the Restaurant is seeking, among other things, the value of the misappropriated tips which sums will be distributed to the wait staff, interest, attorney's fees, costs, and such other and further relief as this Court deems appropriate.

## SECOND COUNTER-CLAIM
### Conversion

161.    Three Decker Restaurant, Ltd. re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs as if fully set forth herein.

162.    By misappropriating tip money and converting it to her own use, Plaintiff interfered with the Restaurant's dominion or control over the tip monies, thus depriving the Restaurant's ability to distribute the tip money to the wait staff who worked those shifts.  This also limited the Restaurant's ability to take a credit for tips paid to wait staff to satisfy minimum wage requirements.

163.    Due to Plaintiff's willful transgressions, the Restaurant is seeking, among other things, the value of the misappropriated tips which sums will be distributed to the wait staff, interest, attorney's fees, costs, and such other and further relief as this Court deems appropriate.

## THIRD COUNTER-CLAIM
### Trespass to Chattel

164.    Three Decker Restaurant, Ltd. re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs as if fully set forth herein.

165.    By absconding with the tip money, Plaintiff directly and intentionally interfered with the chattel of the Restaurant.

166.    Due to Plaintiff's willful transgressions, the Restaurant is seeking, among other things, the value of the misappropriated tips which sums will be distributed to the wait staff, interest, attorney's fees, costs, and such other and further relief as this Court deems appropriate.

### FOURTH COUNTER-CLAIM
### Unjust Enrichment

167.    Three Decker Restaurant, Ltd. re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs as if fully set forth herein.

168.    Plaintiff was unjustly enriched by absconding with tip monies to be shared with other members of the wait staff and used by the Restaurant to ensure that minimum wage standards are were satisfied.

169.    By keeping the stolen tips, Plaintiff was enriched at the expense of the Restaurant and her fellow wait staff.

170.    The circumstances of the enrichment are such that equity and good conscience require restitution to which Defendant (so the Restaurant can pass along the monies to wait staff) and wait staff are entitled.

171.    Due to Plaintiff's willful transgressions, the Restaurant is seeking, among other things, the value of the misappropriated tips which sums will be distributed to the wait staff, interest, attorney's fees, costs, and such other and further relief as this Court deems appropriate.

### FIFTH COUNTER-CLAIM
### Breach of Fiduciary Duty

172.    Three Decker Restaurant, Ltd. re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs as if fully set forth herein.

173.    During the course of Plaintiff's employment, Plaintiff owed the Restaurant a fiduciary duty as a matter of law.

174.    Plaintiff violated her fiduciary duty to the Restaurant by, among other things, misappropriating tips.

175.    Plaintiff's breaches of her fiduciary duty have resulted in substantial injury to the Restaurant and her co-workers.

176.    Due to Plaintiff's willful transgressions, the Restaurant is seeking, among other things, the value of the misappropriated tips which sums will be distributed to the wait staff, interest, attorney's fees, costs, and such other and further relief as this Court deems appropriate.

## SIXTH COUNTER CLAIM
### Deceit

177.    Three Decker Restaurant, Ltd. re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs as if fully set forth herein.

178.    By withholding tips from the tip sharing process, Plaintiff made material misrepresentations of facts.

179.    Plaintiff demonstrated an intention to deceive by withholding tip monies from the tip sharing process.

180.    The Restaurant reasonably relied on Plaintiff's misrepresentation to its detriment.

181.    The Restaurant is damaged as a proximate result of the deception because the under reporting of tips did not make such monies available for the tip sharing process and harmed Plaintiff's co-workers.

182.   Due to Plaintiff's willful transgressions, the Restaurant is seeking, among other things, the value of the misappropriated tips which sums will be distributed to the wait staff, interest, attorney's fees, costs, and such other and further relief as this Court deems appropriate.

## SIXTH COUNTER-CLAIM
### Prima Facie Tort

183.   Three Decker Restaurant, Ltd. re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs as if fully set forth herein.

184.   By misappropriating tip money, Plaintiff has caused the Restaurant and its wait co-workers intentional harm and has done so maliciously and without excuse or justification.

Due to Plaintiff's willful transgressions, the Restaurant is seeking, among other things, the value of the misappropriated tips which sums will be distributed to the wait staff, interest, attorney's fees, costs, and such other and further relief as this Court deems appropriate.

WHEREFORE, Defendants respectfully demand that judgment entered:

(a)     in their favor dismissing the Complaint in its entirety with prejudice;

(b)     on their first counter-claim, damages in an amount to be determined at trial;

(c)     on their second counter-claim, damages in an amount to be determined at trial;

(d)     on their third counter-claim, damages in an amount to be determined at trial;

(e)     on their fourth counter-claim, damages in an amount to be determined at trial;

(f)     on their fifth counter-claim, damages in an amount to be determined at trial;

(g)    on their sixth counter-claim, damages in an amount to be determined at trial;

together will all costs and disbursements incurred by them in this action, including reasonable

attorney's fees, and such other relief and further as the Court may deem just and proper.

Dated: Jericho, New York
April 21, 2022

By: _____
Jeffrey N. Naness (JN 5179)
W. Matthew Groh (WG4937)
NANESS, CHAIET & NANESS, LLC
375 North Broadway
Jericho, New York 11553
Tel: (516) 827-4300
Fax: (516) 827-0202
j.naness@verizon.net
matt@ncnlaw.com
*Attorneys for Defendants*

TO:  Clifton Tucker, Esq.
Sacco & Fillas LLP
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
Tel: (718) 269-2243
CTucker@SaccoFillas.com
*Attorneys for Plaintiff*