UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
GUILLERMINA RODRIGUEZ GARCIA, *on
behalf of themselves and all others similarly situated*,          Case 1:22-cv-01387

                          Plaintiff,

-against-

THREE DECKER RESTAURANT, LTD
(d/b/a "3 Decker Restaurant"), 1746 FOOD
CORP (d/b/a "3 Decker Restaurant "),
ATHANASIOS RAFTOPOULOS, RAMIRO
TECORRAL, and MEREDITH
RAFTOPOULOS, *individually*,

                          Defendants.
---------------------------------------------------------X


### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS


SACCO & FILLAS LLP
31-19 Newtown Avenue, 7th Floor
Astoria, New York 11102
Ph: 718-269-2243
Email: CTucker@SaccoFillas.com
*Attorneys for Plaintiff*

## TABLE OF CONTENTS

I.   STATEMENT OF RELEVANT FACTS ........................................................................6

II.   ARGUMENT ...........................................................................................................7

   A.   Defendants' Counterclaims Must be Dismissed Under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction.........................................................................................................7

   B.   Defendants Failed to Meet the Prerequisites for Diversity Jurisdiction or that The Counterclaims' Amount in Controversy Exceeds $75,000. ................................................8

   C.   The Counterclaims are not Compulsory under Rule 13 of the Federal Rules of Civil Procedure.......................................................................................................................10

   D.   Supplemental Jurisdiction is Lacking Because the Permissive Counterclaims are not "so Related" to Plaintiff's FLSA Claims That They Form Part of the Same Case or Controversy.......12

   E.   Defendants' Counterclaims Must be Dismissed Under Rule 12(b)(6) for Failure to State a Claim.. .........................................................................................................................14

   F.   The Counterclaims Must be Dismissed as Unlawful Attempted Wage Deductions................19

   G.   The Court Should Dismiss the Counterclaims Because they are Retaliatory........................20

III.   CONCLUSION ........................................................................................................21

## **TABLE OF AUTHORITIES**

**Cases**

Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 335 (2d Cir. 2006)................................13

Acito v. IMCERA Grp., Inc., 47 F.3d 47, 51 (2d Cir. 1995)....................................................18

Anwar v. Stephens, No. 15-cv-4493 (JS)(GRB), 2016 U.S. Dist. LEXIS 102816, at *9 (E.D.N.Y.

    Aug. 3, 2016) ................................................................................................13

Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)....................................14

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ...........14

Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc., 98 F.3d 13, 19 (2d Cir. 1996) ...............18

Bu ex. Rel. Bu v. Benenson, 181 F.Supp.2d 247, 254 (S.D.N.Y. 2001)....................................................11

Chigirinskiy v. Panchenkova, 252 F. Supp. 3d 379, 381 (S.D.N.Y. 2017)................................................9

Cohen v. Stephen Wise Free Synagogue, No. 95 CIV. 1659 (PKL), 1996 WL 159096 (S.D.N.Y. Apr.

    4, 1996)........................................................................................................19

Delvalle v. Parkchester North Condo. Bd., No. 19-cv-757, 2019 U.S. Dist. LEXIS 24486, at *7-8

    (S.D.N.Y. Feb. 13, 2019) ....................................................................................9

Dian Zlwng Li v. Oliver King Enters., Inc., No. 14-CV-9293 (VEC), 2015 WL 4643145, at *3

    (S.D.N.Y. Aug. 4, 2015)....................................................................................20

Feiger v. Irai Jezvelry, Ltd., 41 N.Y.2d 928, 929 (1977) ..............................................15, 16

Gerschel v Christensen, 143 AD3d 555, 556 (1st Dept 2016)..............................................................15

Geupet v. Int'l Tao Sys., Inc., 443 N.Y.S.2d 321, 322 (N.Y. Sup. Ct. 1981)........................................20

Gliatta v. Tectum, Inc., 211 F. Supp. 2d 992, 1007-09 (S.D. Ohio 2002) ............................................21

Goel v Ramachandran, 111 AD3d 783, 791 (2d Dept 2013) ................................................................17

Hall v. EarthLink Network, Inc., 396 F.3d 500, 507 (2d Cir. 2005)........................................................9

Havell v Islam, 292 AD2d 210, 210 (1st Dept 2002) ..............................................................14

In re Neidich, 290 AD2d 557, 558 (2d Dept 2002) ....................................................................15

Jackie's Enterprises, Inc. v. Belleville, 165 A.D.3d 1567, 87 N.Y.S.3d 124 (2018) ................17

Jacques v. DiMarzio, Inc., 216 F. Supp. 2d 139 (E.D.N.Y. 2002) ...........................................20

Jones v. Ford Motor Credit Co., 358 F.3d 205, 209 (2d Cir. 2004) ..........................................10

Katz v. Travelers, 241 F. Supp. 3d 397 (E.D.N.Y. 2017) .........................................................17

Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) ....................................................8

Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir.1993) .........................................18

Moran v. Tryax Realty Mgmt., Inc., No. 15-CV-8570 (RJS), 2016 WL 3023326, at *3 (S.D.N.Y. May

    23, 2016) ...............................................................................................................................12

Mori v. E1 Asset Mgmt., 15-cv-1991 (AT), 2016 U.S. Dist. LEXIS 27911, at *7-8 (S.D.N.Y. Jan. 28,

    2016) ............................................................................................................................... 11, 13

Murray v. Beard, 102 N.Y. 505, 7 N.E. 553 (1886) .................................................................15

Ott v. Fred Alger Mgmt., Inc., No. 11 CIV. 4418 LAP, 2012 WL 4767200, at *10 (S.D.N.Y. Sept.

    27, 2012) ...............................................................................................................................15

Ozawa v. Orsini Design Assocs., No. 13-CV-1282 (JPO), 2015 U.S. Dist. LEXIS 29933, at *32-34

    (S.D.N.Y. Mar. 11, 2015)................................................................................................ 12, 13

Rivera v. Ndola Pharmacy Corp., 497 F. Supp. 2d 381, 395 (E.D.N.Y. 2007).........................12

Rombach v. Chang, 355 F.3d 164, 171 (2d Cir. 2004) ..............................................................18

Sch. of Visual Arts v. Kuprewicz, 3 Misc. 3d 278, 281, 771 N.Y.S.2d 804, 807 (Sup. Ct. 2003).........16

Scherer v. Equitable Life Assur. Soc'y of the U.S., 347 F.3d 394, 397 (2d Cir. 2003)............................8

Scott v. Long Island Sav. Bank, 937 F.2d 738, 742 (2d Cir. 1991) .............................................8

Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994)......................................18

Spencer v. bit'l Shoppes, Inc., 902 F. Supp. 2d 287, 297 (E.D.N.Y. 2012).............................20

St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 290 (1938)..................................10

Tongkook v. Am. Shipton Sportswear Co., 14 F.3d 781, 784-85 (2d Cir. 1994) ....................................10

Torres v. Gristede's Operating Corp., 628 F. Supp. 2d 447, 467 (S.D.N.Y. 2008)............ 11, 12, 13, 21

United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966) ......................................................................12

Wall v. CSX Transp., Inc., 471 F.3d 410, 415-16 (2d Cir. 2006) ............................................................18

Weiss v TD Waterhouse, 45 AD3d 763, 764 (2d Dept 2007)....................................................................15

Wild v Hayes, 68 AD3d 1412 (3d Dept 2009)...........................................................................................14

Wolde-Meskel v. Vocational Instruction Project Comm. Servs., Inc., 166 F. 3d 59, 63 (2d Cir. 1999)9

Wood v. Maguire Auto. LLC, 508 F. App'x 65, 65-66 (2d Cir. Jan. 28, 2013) ........................................9

Yahui Zhang v. Akami Inc., No. 15-CV-4946 (VSB), 2017 WL 4329723, at *11 (S.D.N.Y. Sept. 26,

2017)...............................................................................................................................................11, 12, 13

**Statutes**

28 U.S.C. § 1332 ..........................................................................................................................................8

28 U.S.C. § 1367 ..........................................................................................................................................8

29 U.S.C. § 201 ............................................................................................................................................6

29 U.S.C. §215 ...........................................................................................................................................20

CPLR 213....................................................................................................................................................15

N.Y. Civil Practice Law and Rules § 214 ..................................................................................................14

N.Y. Lab. Law § 193...................................................................................................................................19

N.Y. Lab. Law § 196-d ........................................................................................................................... 7, 16

N.Y. Lab. Law § 662...................................................................................................................................20

New York Labor Law § 190..........................................................................................................................6

Plaintiff, GUILLERMINA RODRIGUEZ GARCIA, by and through her attorneys, Sacco & Fillas LLP, submit this Memorandum of Law in support of her Motion to Dismiss the counterclaims asserted in Defendants' Answer pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

## I.   STATEMENT OF RELEVANT FACTS[1]

This action is brought to recover unpaid minimum and overtime wages, unpaid spread-of-hours pay, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and New York Labor Law § 190, et seq. ("NYLL"). Exhibit A (Complaint); ECF No. 1. Plaintiff worked for Defendants as a waitress from approximately December 27, 2011, until approximately January 1, 2022.  Exhibit A; ECF No. 1 (Par 10, 12).  Plaintiff alleged that Defendants failed to pay overtime, failed to provide accurate wage notices pursuant to NYLL 195(1), failed to provide accurate wage statements under NYLL 195(3), failed to pay spread-of-hours pay, and required her to share a portion of her gratuities with non-tipped staff, in violation of NYLL, Article 6, § 196-d and the supporting NYDOL Regulations.  Exhibit A; ECF No. 1 (Complaint).

In their Answer, Defendants made seven counterclaims—for breach of fiduciary duty, conversion, trespass to chattel, unjust enrichment, breach of fiduciary duty, deceit, and prima facie tort, respectively.

Defendants' counterclaims are premised on the "factual allegations," that Plaintiff worked at Defendants' restaurant for approximately ten years, Exhibit B (answer and counterclaims); ECF No. 29 (Par. 150) and "on two occasions, video footage shows the Plaintiff putting money from tips in

---

[1] To the extent Defendants' factual assertions in their Answer with Counterclaim meet the pleading standard of Rule 8(a) of the Federal Rules of Civil Procedure, Plaintiffs accept them as true for the sole purpose of this motion. <u>Kliodeir v. Sayyed</u>, 323 F.R.D. 193, 201 (S.D.N.Y. 2017) (noting that the Court must "accept as true" all well-pleaded counterclaim allegations on a motion to dismiss).

her pocket and in her apron, thereby failing to place the money in the tip jars to share with her

fellow wait staff." Exhibit B; ECF No. 29 (Par 153). Defendants say they wish to "h[o]ld [plaintiff]

accountable for her bad deed." Exhibit B; ECF No. 29 (Par 155). Defendants then conclusorily

allege, without factual support, that "upon information and belief, the practice of misappropriating

tips was unabated during plaintiff's tenure." Exhibit B; ECF No. 29 (Par. 157). What information

supports Defendants' alleged belief is missing from the counterclaims.

Defendants' counterclaims list no dates or times of occurrence. They omit the amount of

damages allegedly incurred. They are silent on what amounts were allegedly pocketed. They say

nothing of Plaintiff's intent or whether she was justified in retrieving tips. They do not allege that

Defendants properly issued the required tip credit notices or that they kept records of tip sharing or

tip pooling arrangements. Additionally, the Defendant restaurant may not "demand or accept ... any

part of the gratuities ... received by an employee or retain any part of a gratuity" (N.Y. Lab. Law §

196-d). Despite section 196-d, Defendants' counterclaims are premised on the notion that they were

damaged when Plaintiff, a tipped employee, allegedly pocketed tips on two undated occasions.

This Court should look askance at Defendants' counterclaims. The counterclaims must be

dismissed for lack of jurisdiction and failure to state a claim. Moreover, they are retaliatory. Should

they remain, Plaintiff seek leave to add cause(s) of action for retaliation under the FLSA and NYLL.

## II.   ARGUMENT[2]

### A.   Defendants' Counterclaims Must be Dismissed Under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction.

Defendants' counterclaims must be dismissed for lack of subject matter jurisdiction. "A case

is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district

---

[2] The standard(s) of review are abridged pursuant to this Court's Individual Practices and Procedures which states, "you can also save pages by not telling the Court the obvious – there is no need to recite the standards for granting, e.g., a motion to dismiss, a motion for summary judgment, a motion for reconsideration." Pg. 11 of Individual Practices and Procedures of Judge Colleen McMahon.

court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  To survive a Rule 12(b)(1) motion to dismiss, the party asserting jurisdiction "has the burden of proving by a preponderance of the evidence that [subject matter jurisdiction] exists." Id.

Defendants' eight counterclaims of: (1) breach of duty of loyalty (2) conversion (3) trespass to chattel (4) unjust enrichment (5) breach of fiduciary duty (6) deceit (7) prima facie tort (8) are based wholly upon New York Law.  Exhibit B; ECF No. 29 (Answer, Par. 158–160).

Defendants' New York State law counterclaims do not present a federal question.  28 U.S.C. § 1331. As a result, the counterclaims must be dismissed for lack of subject matter jurisdiction unless: (1) Defendants meet the prerequisites for diversity jurisdiction under 28 U.S.C. § 1332; (2) the counterclaims are compulsory under Rule 13 of the Federal Rules of Civil Procedure, see Scott v. Long Island Sav. Bank, 937 F.2d 738, 742 (2d Cir. 1991) (no independent basis of federal jurisdiction needed to adjudicate compulsory counterclaim); or (3) the counterclaims are "so related" to Plaintiff's federal FLSA claims that an exercise of supplemental jurisdiction is appropriate, see 28 U.S.C. § 1367.  Defendants fail to make any of these showings.

### B. Defendants Failed to Meet the Prerequisites for Diversity Jurisdiction or that The Counterclaims' Amount in Controversy Exceeds $75,000.

There cannot be diversity jurisdiction where both parties are citizens of the same state or where the amount in controversy does not exceed $75,000. 28 U.S.C. § 1332 (district courts shall have original jurisdiction over matters brought by "citizens of different States").  "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." Scherer v. Equitable Life Assur. Soc'y of the U.S., 347 F.3d 394, 397 (2d Cir. 2003).

"Where a complaint does not contain facts plausibly suggesting that the amount in controversy meets the jurisdictional minimum, the Court is not required to presume that the bare

allegations in the complaint are a good faith representation of the actual amount in controversy." Delvalle v. Parkchester North Condo. Bd., No. 19-cv-757, 2019 U.S. Dist. LEXIS 24486, at *7-8 (S.D.N.Y. Feb. 13, 2019) (Furman, J.) (citing cases); Wood v. Maguire Auto. LLC, 508 F. App'x 65, 65-66 (2d Cir. Jan. 28, 2013) ("conclusory" allegation of amount in controversy is "not entitled to a presumption of truth"). Moreover, the face-of-the-complaint presumption as to the amount in controversy is not applicable where: (a) it is apparent "to a legal certainty that the claim is really for less than the jurisdictional amount," Wolde-Meskel v. Vocational Instruction Project Comm. Servs., Inc., 166 F. 3d 59, 63 (2d Cir. 1999); or (b) the circumstances indicate that the pleading's amount in controversy allegation was not made in good faith. Hall v. EarthLink Network, Inc., 396 F.3d 500, 507 (2d Cir. 2005).

First, Defendants made no allegation that the amount in controversy underlying the Counterclaim or Plaintiffs' citizenship, which is distinct from place of residence. Chigirinskiy v. Panchenkova, 252 F. Supp. 3d 379, 381 (S.D.N.Y. 2017) ("until this point, defendants had only made statements regarding their 'residence,' which is relevant only to the extent it assists in establishing domicile", i.e., citizenship within the meaning of the diversity statute). Accordingly, there is no diversity jurisdiction the Court can exercise.

Second, Defendants cannot establish a reasonable probability that the amount in controversy on their counterclaims exceeds $75,000. Defendants' counterclaims make no mention of the damages allegedly incurred, i.e., gratuities allegedly pocketed on two alleged occasions. They simple allege Plaintiff, "put money from tips in her pocket and in her apron, thereby failing to place money in the tip jars to share with her fellow wait staff" (Exhibit B; ECF No. 29, Par. 153). It is unlikely that this amount exceeds $75,000. Defendants' inability to unequivocally state that the damages exceed $75,000 should end the matter. The pleading party "is responsible for knowing if its claim is within the statutory jurisdictional amount" and "when a party chooses to proceed in federal court,

'the party knows or should know whether the claim is within the statutory requirement as to amount." Tongkook v. Am. Shipton Sportswear Co., 14 F.3d 781, 784-85 (2d Cir. 1994) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 290 (1938)).

The counterclaims must be dismissed.

### C. The Counterclaims are not Compulsory under Rule 13 of the Federal Rules of Civil Procedure.

Compulsory counterclaims - claims that "must" be stated in a responsive pleading - are those that arise "out of the same transaction or occurrence that is the subject matter of the opposing party's claim" and do not require the addition of "another party over whom the court cannot acquire jurisdiction."  Fed. R. Civ. P. 13(a). A counterclaim arises out of the "same transaction or occurrence" where "there is a logical relationship between the counterclaim and the main claim." Jones v. Ford Motor Credit Co., 358 F.3d 205, 209 (2d Cir. 2004). This test requires that "the essential facts of the claims must be so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Id.

There is no "logical connection" between Plaintiff's wage-and-hour claims and Defendants' state law counterclaims.  Plaintiff's FLSA and NYLL claims allege that Defendants failed to pay overtime, provide wage notices and statements, spread of hours pay, and misappropriated gratuities by, inter alia, illegally distributing tips to a manager and failing to maintain required wage and hour records. See generally Exhibit A; ECF No. 1. The resolution of these wage-and-hour claims will involve inquiry into Plaintiff's hours worked, as well as Defendants' payroll practices, timekeeping and recordkeeping systems, and the duties and responsibilities of the manager who allegedly unlawfully took gratuities.

Defendants' counterclaims, by contrast, allege that Plaintiff breached fiduciary duties (counterclaims one and five) and/or supposedly harmed Defendants (e.g., conversion, trespass to

chattel, unjust enrichment, deceit, prima facie tort) when she allegedly twice pocketed gratuities. Exhibit B; ECF No. 29, Par. 153.

Defendants' allegations have nothing to do with unpaid overtime, failure to provide wage notices and statements, failure to pay spread of hours, or the Defendants' misappropriation of employees' tips.  See Torres v. Gristede's Operating Corp., 628 F. Supp. 2d 447, 467 (S.D.N.Y. 2008) ("Critically, none of the events alleged in Gristede's state law faithless servant claims are relevant to Plaintiffs' overtime claims.... Gristede's does not allege, for instance, that it did not pay Torres and Chewning premium overtime compensation because of their alleged misconduct.") (citing Bu ex. Rel. Bu v. Benenson, 181 F.Supp.2d 247, 254 (S.D.N.Y. 2001) (claims were not part of the same case or controversy where state law claims "involve[d] different rights, different interests, and different underlying facts" than the federal law claims)).  Investigation and discovery into Plaintiff's claims regard Defendants' misconduct and recordkeeping, not whether Plaintiff allegedly pocketed some tips on two undated occasions.

The only possible connection between Plaintiff's wage-and-hour claims and Defendants' counterclaims is that they arise out of the same employment relationship.  Courts in this Circuit have repeatedly found that such a tenuous connection is insufficient to find that counterclaims are compulsory. See, e.g., Mori v. E1 Asset Mgmt., 15-cv-1991 (AT), 2016 U.S. Dist. LEXIS 27911, at *7-8 (S.D.N.Y. Jan. 28, 2016) (breach of duty counterclaim alleging unauthorized trading on behalf of FLSA plaintiff not compulsory as "[t]he only connection between Plaintiff's FLSA claims and the counterclaim is that they arise out of the same employment relationship, which courts in this district have found insufficient to support a finding that counterclaims are compulsory"); Torres., 628 F. Supp. 2d 447, 467-68 (S.D.N.Y. 2008) (faithless servant counterclaim asserted against FLSA plaintiff not compulsory); Yahui Zhang v. Akami Inc., No. 15-CV-4946 (VSB), 2017 WL 4329723, at *11 (S.D.N.Y. Sept. 26, 2017); Moran v. Tryax Realty Mgmt., Inc., No. 15-CV-8570 (RJS), 2016 WL

3023326, at *3 (S.D.N.Y. May 23, 2016); <u>Mori</u>, No. 15 CIV. 1991 (AT), 2016 WL 859336, at *3;

<u>Torres</u>, 628 F. Supp. 2d at 469; <u>Rivera v. Ndola Pharmacy Corp.</u>, 497 F. Supp. 2d 381, 395

(E.D.N.Y. 2007).

As in those cases, "most of the facts integral to Defendants' Counterclaims are in no way

related to the FLSA claims," <u>Yahui Zhang</u>, No. 15-CV-4946 (VSB), 2017 WL 4329723, at *11, and

the "'potential for some slight factual overlap'" between the Counterclaim and the FLSA claims is

alone "insufficient to 'provide the necessary common nucleus of operative fact required for the

exercise of supplemental jurisdiction.'" <u>Moran</u>, No. 15-cv-8570 (RJS), 2016 WL 3023326, at *3.

Because there is no independent basis for jurisdiction or supplemental jurisdiction, the Court

must dismiss the Counterclaim for lack of jurisdiction.

   **D.  Supplemental Jurisdiction is Lacking Because the Permissive Counterclaims are
   not "so Related" to Plaintiff's FLSA Claims That They Form Part of the Same
   Case or Controversy.**

As Defendants' counterclaims are permissive, they may be brought only if Defendants

establish a valid basis for the exercise of supplemental jurisdiction. In a civil action in which it has

original jurisdiction, a district court may exercise supplemental jurisdiction over "all other claims that

are so related to claims in the action within such original jurisdiction that they form part of the same

case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). To

constitute the same Article III case or controversy, the "state and federal claims must derive from a

common nucleus of operative fact." <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 725 (1966); <u>see

also, e.g.</u>, <u>Ozawa v. Orsini Design Assocs.</u>, No. 13-CV-1282 (JPO), 2015 U.S. Dist. LEXIS 29933, at

*32-34 (S.D.N.Y. Mar. 11, 2015). "In determining whether two disputes arise from a common

nucleus of operative fact," courts inquire "whether the facts underlying the federal and state claims

substantially overlapped or the federal claim necessarily brought the facts underlying the state claim

before the court." <u>Achtman v. Kirby, McInerney & Squire, LLP</u>, 464 F.3d 328, 335 (2d Cir. 2006) (alterations and internal quotation marks omitted).[3]

Here, for many of the reasons stated above, and below in the section on failure to make plausible allegations under Rule 12(b)(6), there is no "common nucleus of operative fact" that connects Plaintiff's wage-and-hour claims to Defendants' counterclaims.[4]

Courts in this Circuit have also repeatedly found supplemental jurisdiction lacking where employers attempted to shoehorn into FLSA actions state law counterclaims alleging employee misconduct. <u>See, e.g.</u>, <u>Torres</u>, 628 F. Supp. 2d at 468-69 (declining to exercise supplemental jurisdiction over faithless servant counterclaims alleging sexual harassment and credit card fraud because "none of the events alleged in defendants' state law faithless servant [counterclaims [were] relevant to Plaintiffs' overtime claims .... Gristede's does not allege, for instance, that it did not pay [the plaintiffs] premium overtime compensation because of their alleged misconduct"); <u>Mori</u>, 2016 U.S. Dist. LEXIS 27911 at *8-9 ("Plaintiffs federal claims are factually distinct from Defendant's second counterclaim; whether E1 has appropriately compensated its portfolio managers pursuant to the FLSA will have little, if any, factual overlap with questions of unauthorized trading and Plaintiff's duty to his former employer.").

---

[3] Should the Court find it has supplemental jurisdiction, it should decline to exercise it over the Counterclaim. Supplemental jurisdiction is not appropriately exercised with respect to counterclaims, like these, that would "substantially predominated" over Plaintiffs' FLSA claims and unnecessarily expend judicial resources. 28 U.S.C. § 1367(c)(2). As in <u>Yahui Zhang v. Akami Inc.</u>, "[retaining jurisdiction over the Counterclaim!] would necessarily involve discovery pertaining to numerous facts not otherwise at issue, thus overly complicating this relatively straightforward FLSA case." <u>Yahui Zhang</u>, 2017 WL 4329723, at *11 (citing cases).

[4] A discussed above, the only connection between Defendants' counterclaims and Plaintiff's wage and hour claims is that they arise from Plaintiff's employment relationship with Defendants. Again, the mere fact that federal claims and state law counterclaims arise from an employment relationship "does not establish a 'common nucleus of operative fact' where it is the sole fact connecting [a plaintiff's] federal overtime claims and [a defendant's] state law counterclaims." <u>Torres</u>, 628 F. Supp. 2d at 468-69 (citing cases); <u>Ozawa</u>, 2015 U.S. Dist. LEXIS 29933, at *32-34 ("Because there is little beyond the employment relationship that joins the state law counterclaim with Ozawa's overtime claims, the Court concludes that it lacks jurisdiction over Defendants' state law counterclaim."); <u>Anwar v. Stephens</u>, No. 15-cv-4493 (JS)(GRB), 2016 U.S. Dist. LEXIS 102816, at *9 (E.D.N.Y. Aug. 3, 2016) ("At most, plaintiff's employment relationship with the defendants is the sole fact that connects the federal and state claims, but that fact alone is insufficient to form the basis of supplemental jurisdiction.").

For the foregoing reasons, Defendants' counterclaims must be dismissed.

**E.  Defendants' Counterclaims Must be Dismissed Under Rule 12(b)(6) for Failure to State a Claim**

"To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Iqbal, 556 U.S. at 678, 129 S.Ct. 1937. A complaint providing only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S.Ct. 1955.

Here, Defendants' counterclaims rest on this allegation, "on two occasions, video footage shows the Plaintiff putting money from tips in her pocket and in her apron, thereby failing to place the money in the tip jars to share with her fellow wait staff."  Exhibit B; ECF No. 29 (Par. 153). Defendants omit the date(s) and time(s) of occurrence and the amount(s) allegedly pocketed. Defendants also omit whether they properly distributed a tip credit notice that complied with every element of 12 NYCRR 146-2.2 (Written notice of pay rates, tip credit, and pay day).  Defendants' counterclaims must fail.

Defendants allege that Plaintiff was employed at their restaurant for "approximately ten years," (Exhibit B; ECF No. 29, Par 150) but failed to the date(s) when she allegedly twice pocketed gratuities.  Accordingly, Defendants cannot plausibly allege timely counterclaims.  Defendants' counterclaims may be untimely.  See e.g., N.Y. Civil Practice Law and Rules § 214(3) (conversion claims governed by a three-year statute of limitations); Wild v Hayes, 68 AD3d 1412 (3d Dept 2009) (three-year statute of limitations for trespass to chattels); Havell v Islam, 292 AD2d 210, 210 (1st Dept 2002) (prima facie tort as barred by the one-year Statute of Limitations); Gerschel v

Christensen, 143 AD3d 555, 556 (1st Dept 2016) (six year statute of limitations for unjust

enrichment); Weiss v TD Waterhouse, 45 AD3d 763, 764 (2d Dept 2007) ("cause of action for

breach of fiduciary duty is governed by a six-year statute of limitations where the relief sought is

equitable in nature (see CPLR 213[1] ), or by a three-year statute of limitations where the only relief

sought is money damages"); In re Neidich, 290 AD2d 557, 558 (2d Dept 2002) ("actions based upon

fraud also have a six-year Statute of Limitations, running from the time the fraud is committed, or a

two-year Statute of Limitations, running from the time the fraud reasonably could have been

discovered (see CPLR 213[8])").  Defendants' counterclaims may all be barred by the statute(s) of

limitations.  At minimum, they are not plausibly alleged and should be dismissed.

Defendants' counterclaims must be dismissed because they do not allege a quantifiable

amount of damages. "At the pleading stage, governed by Rule 12(b)(6), a [party's] demand for

money damages must satisfy the Twombly and Iqbal requirement of factual, non-conclusory

allegations stating a plausible claim that defendant's conduct caused specific economic harm in a

quantifiable amount." Ott v. Fred Alger Mgmt., Inc., No. 11 CIV. 4418 LAP, 2012 WL 4767200, at

*10 (S.D.N.Y. Sept. 27, 2012).  Defendants simply allege that on some unknown date and time,

Plaintiff took some unknown amount of gratuities.  Defendants failed to allege sufficient facts to

show quantifiable damages.  The counterclaims must be dismissed.

Defendants' first and fifth counterclaims (breach of duty of loyalty and breach of fiduciary

duty) are not plausibly alleged.  Faithless servant claims typically involve theft from the company, or

competition such that the actor is effectively stealing from the restaurant. See Feiger v. Irai Jezvelry,

Ltd., 41 N.Y.2d 928, 929 (1977) ("That plaintiff during his employment planned and took

preliminary steps to enter into a competitive business involved no breach of fidelity so long as...

plaintiff never lessened his work on behalf of defendant and never misappropriated to his own use

any business secrets or special knowledge."); Murray v. Beard, 102 N.Y. 505, 7 N.E. 553 (1886)

(involving employee working simultaneously for employer's competitor).  Defendants failed to plausibly allege facts to support the counterclaims.

Moreover, Defendants allege that Plaintiff pocketed tip money, (Exhibit B; ECF No. 29, Par. 153), but tips are <u>not</u> the Defendant restaurant's property.  N.Y. Lab. Law § 196-d.  Under the NYLL, all tips received from customers belong to the service employees exclusively - employers may not "demand or accept ... any part of the gratuities ... received by an employee or retain any part of a gratuity." N.Y. Lab. Law § 196-d.  Thus, as Defendants cannot offload to employees their statutory wage payment obligations and have no entitlement to any tips received from customers, the question of whether Plaintiff improperly retained a tip simply has no bearing on whether Defendants satisfied the requirements of the wage-and-hour laws and is not plausibly supported here.  Moreover, there is no allegation that Plaintiff failed to complete their job functions or "lessened [her] work." <u>Feiger</u>, 41 N.Y.2d at 929.  Accordingly, the Court should dismiss the First and Fifth Counterclaims (breach of duty of loyalty and breach of fiduciary duty).

Similarly, Defendants' second, third, and fourth counterclaims (for conversion, trespass to chattel, and unjust enrichment) must also be dismissed because Defendants do not plausibly allege they have a rights to employees' gratuities.  <u>See</u> N.Y. Lab. Law § 196-d (employers may not "demand or accept ... any part of the gratuities ... received by an employee or retain any part of a gratuity").  Without any right to the gratuities, Defendants cannot support their counterclaims.  <u>See</u> <u>Pappas v. Tzolis</u>, 20 N.Y.3d 228, 234, 982 N.E.2d 576, 580 (2012) ("Two key elements of conversion are (1) plaintiff's <u>possessory right or interest in the property</u> and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights") (emphasis added); <u>Sch. of Visual Arts v. Kuprewicz</u>, 3 Misc. 3d 278, 281, 771 N.Y.S.2d 804, 807 (Sup. Ct. 2003) "To establish a trespass to chattels, SVA must prove that Kuprewicz intentionally, and <u>without justification or consent, physically interfered with the use and enjoyment of personal property</u> in SVA's possession,

and that SVA <u>was harmed thereby</u>") (emphasis added); <u>Jackie's Enterprises, Inc. v. Belleville,</u> 165 A.D.3d 1567, 87 N.Y.S.3d 124 (2018) (elements of trespass to chattels); <u>Goel v Ramachandran</u>, 111 AD3d 783, 791 (2d Dept 2013) ("To prevail on a claim of unjust enrichment, a party must show that (1) the other party was enriched, (2) <u>at that party's expense</u>, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered") (emphasis added). Defendants have no ownership or property interest in gratuities that belong to employees. They failed to plausibly allege that Plaintiff pocketed tips which were not hers. Likewise, Defendants failed to allege quantifiable damages. And finally, Defendants failed to allege misconduct that goes "against equity and good conscience." The counterclaims must be dismissed.

Defendants failed to plausibly allege facts supporting the seventh counterclaim (prima facie tort).[5] "The four elements for a prima facie tort in New York State are: (1) intentional infliction of harm, (2) causing special damages, (3) without excuse or justification, and (4) by an act or series of acts that would otherwise be lawful." <u>Katz v. Travelers</u>, 241 F. Supp. 3d 397 (E.D.N.Y. 2017). "The first element requires 'disinterested malevolence,' which means that 'the plaintiff cannot recover unless the defendant's conduct was not only harmful but done with the sole intent to harm." <u>Id</u>. Here, Defendants failed to plead that Plaintiff had that level of intent or malevolence. "Motives other than disinterested malevolence, 'such as profit, self-interest, or business advantage' will defeat a prima facie tort claim." <u>Id.</u> Defendants failed to plead they sustained quantifiable damages, which undermines the second element of the prima facie tort counterclaim. Plaintiff would have a justification for pocketing tip money that belongs to her and Defendants failed to eliminate that possibility. The pleadings must be plausible, not merely possible. Moreover, "Prima facie tort is a highly disfavored cause of action in New York." <u>Id</u>. The seventh counterclaim must be dismissed.

---

[5] Defendant erroneously called both the Sixth and Seventh counterclaims "sixth counterclaim."

Finally, Defendants' sixth counterclaim, for deceit, must be dismissed for failure to state a claim and failure to meet the heightened pleading standard for fraud.  Under New York law, a fraud claim requires the defrauded party to plead that: (1) the defrauding party made a material false representation; (2) the defrauding party intended to defraud; (3) the defrauded party reasonably relied upon the representation, and (4) the defrauded party suffered damage as a result of such reliance. Wall v. CSX Transp., Inc., 471 F.3d 410, 415-16 (2d Cir. 2006) (quoting Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc., 98 F.3d 13, 19 (2d Cir. 1996)). Federal Rule 9(b) requires that "the circumstances constituting fraud ... be stated with particularity." Acito v. IMCERA Grp., Inc., 47 F.3d 47, 51 (2d Cir. 1995) (citing Fed. R. Civ. P. 9(b)).  The Second Circuit has made clear that the claim must: "(1) specify the statements that the [claimant] contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Acito, 47 F.3d at 51 (citing Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir.1993)). The Acito Court continued that while "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally[,]" Fed. R. Civ. P. 9(b), the claimant "must allege facts that give rise to a strong inference of fraudulent intent[,]" Acito, 47 F.3d at 51 (citations omitted).  Such an inference may be demonstrated "by alleging facts to show that [the defrauding party] had both motive and opportunity to commit fraud, or ... by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." Acito, 47 F.3d at 51 (citing Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994)).

The heightened pleading requirement of Rule 9(b) is not limited to those claims denominated as fraud, but to "all averments of fraud." Rombach v. Chang, 355 F.3d 164, 171 (2d Cir. 2004).  Thus, the heightened pleading standard applies to any claim "insofar as the claim[] [is] premised on allegations of fraud." Rombach, 355 F.3d at 171.  The heightened pleading standard of

Rule 9(b) will, therefore, also apply to Defendants' unjust enrichment counterclaim because it is based on the same alleged misrepresentations as in the fraud claim.

Here, Defendants have utterly failed to plead the level of particularity the fraud claim alleged in counterclaim six requires to withstand a motion to dismiss.  There is no allegation of a "material false representation."  There is no allegation of "intent to defraud."  There is no allegation of reasonable reliance.  There is no allegation that Defendants suffered damages.  They also failed to allege where and when any "statements" were made and failed to state why they were fraudulent.

All Defendants' counterclaims must be dismissed.

**F.   The Counterclaims Must be Dismissed as Unlawful Attempted Wage Deductions**

Should the Court exercise jurisdiction, the counterclaims must be dismissed as an unlawful attempt to circumvent New York's prohibition on unauthorized wage deductions. Section 193 of the NYLL provides the following:

> "No employer shall make any deduction from the wages of an employee, except deductions which (a) are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency including regulations promulgated under paragraph c and paragraph d of this subdivision; [] (b) are expressly authorized in writing by the employee and are for the benefit of the employee, provided that such authorization is voluntary and only given following receipt by the employee of written notice of all terms and conditions of the payment and/or its benefits and the details of the manner in which deductions will be made ...; (c) are related to recovery of an overpayment of wages where such overpayment is due to a mathematical or other clerical error by the employer ...; [or] (d) [is a] repayment of advances of salary or wages made by the employer to the employee ...."   N.Y. Lab. Law § 193.

In Cohen v. Stephen Wise Free Synagogue, this Court dismissed a counterclaim that sought a repayment of wages due to the plaintiff's poor job performance. Cohen v. Stephen Wise Free Synagogue, No. 95 CIV. 1659 (PKL), 1996 WL 159096 (S.D.N.Y. Apr. 4, 1996). The Court explained: "It is true that defendant's counterclaims are not an obvious example of attempted wage deductions. However, if such claims are not treated as such, the goal of § 193, which is to afford strong protection of the wages of employees, could easily be circumvented." Id. (citing Geupet v.

Int'l Tao Sys., Inc., 443 N.Y.S.2d 321, 322 (N.Y. Sup. Ct. 1981) (to allow counterclaim for recovery of wages already paid based upon plaintiff's alleged lack of performance permits defendant to do indirectly and retroactively what § 193 prohibits it from doing directly)).  Accordingly, the counterclaims should be dismissed.

### G. The Court Should Dismiss the Counterclaims Because they are Retaliatory[6]

The counterclaims are retaliatory.  For this reason alone, they are legal nullities, and the Court may and should dismiss them.  Jacques v. DiMarzio, Inc., 216 F. Supp. 2d 139 (E.D.N.Y. 2002) (dismissing baseless and retaliatory counterclaims sua sponte and awarding sanctions).

Both the FLSA and the NYLL prohibit retaliation. Section 215(a)(3) of the FLSA makes it unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter or has testified or is about to testify in any such proceeding." 29 U.S.C. §215(a)(3). The NYLL similarly prohibits retaliation against any employee who has "made a complaint to his employer, or to the commissioner or his authorized representative, that he has not been paid." N.Y. Lab. Law § 662; see also N.Y. Lab. Law § 215.

Legal proceedings - including counterclaims - can constitute actionable retaliation if they are filed against an employee in response to the employee asserting statutory workplace rights. See, e.g., Jacques, 216 F. Supp. 2d at 141-43 (defendant's counterclaims found sua sponte to be retaliatory, dismissal and sanctions issued sua sponte); Gliatta v. Tectum, Inc., 211 F. Supp. 992, 1007-09

---

[6] Plaintiff notes that, should the counterclaims not be withdrawn or dismissed, Plaintiff will seek to add to the Complaint a retaliation claim pursuant to Section 215 of the Fair Labor Standards Act and of the New York Labor Law. The Counterclaim affects Plaintiff's prospective employment by lodging allegations of theft and faithlessness and was done in response to their wage claims (as opposed to at the time of the alleged discovery of misconduct). See Dian Zhwng Li v. Oliver King Enters., Inc., No. 14-CV-9293 (VEC), 2015 WL 4643145, at *3 (S.D.N.Y. Aug. 4, 2015) ("Courts have held that instituting bad faith or groundless counterclaims or instituting bad faith litigation against the employee constitutes actionable retaliation".); see also Spencer v. bit'l Shoppes, Inc., 902 F. Supp. 2d 287, 297 (E.D.N.Y. 2012) (noting that the court may consider motive in determining whether employer filed a permissive counterclaim in retaliation for employee's protected activity). That Defendants made the counterclaim only after she filed suit suggests finding that the counterclaims are unlawful retaliation.

(S.D. Ohio 2002) (counterclaim alleged to be retaliatory); Torres, 628 F. Supp. 2d at 473 ("bad faith

or groundless counterclaims and other legal proceedings against employees who assert statutory

rights are actionable retaliation precisely because of their in terrorem effect").

      The counterclaims alleged herein are designed to make Plaintiff and members of a putative

class/collective think twice before filing or participating in an action to assert their rights to proper

payment under the law.  For Defendants to frighten workers by threatening to sue them on any

basis they can manufacture is extremely damaging.  In a collective action, employees may not

recover their unpaid minimum wages, overtime, and liquidated damages under the FLSA, unless

they first take affirmative action to file with the court individual consents to sue. 29 U.S.C. § 216(b).

Until such individual consents are filed, the statute of limitations runs on their federal claims.

Defendants' counterclaims have no merit and were brought in bad faith to retaliate against Plaintiffs

for bringing this action.

      To deter such use of judicial resources in unlawful retaliation, the Court should dismiss the

counterclaims.

## III.   <u>CONCLUSION</u>

      Defendants failed to establish this Court has jurisdiction over their counterclaims.  The

counterclaims should be dismissed under Rule 12(b)(1).  Defendants failed to establish diversity or

that the counterclaims exceed the $75,000 diversity jurisdiction threshold.  The counterclaims are

not compulsory.  They do not arise out of the same transaction or occurrence that is the subject

matter of Plaintiff's claims.  They are also not so related to Plaintiff's wage and hour claims as to

form part of the same case or controversy.  Plaintiff's claims are for wage and hour violations arising

out of Defendants' refusal to pay overtime, keep and maintain lawful wage and hour records, issue

appropriate wage notices and statements, and Defendants' manager (i.e., a nontipped employee)

skimming employees' tips.  Conversely, Defendants' counterclaims concern Plaintiff, a waitress and

tipped employee, allegedly pocketing tip money on two undated occasions.  That the counterclaims

arise out of the same employment relationship is not sufficient for supplemental jurisdiction.  The

counterclaims must be dismissed.

Defendants also failed to plausibly allege counterclaims under Rule 12(b)(6).  Defendants'

counterclaims are premised on two undated alleged instances in which Plaintiff, a waitress (i.e., a

tipped employee), pocketed tip money.  The counterclaims are not plausibly timely.  They omit

mention of quantifiable damages.  Since all tips belong to employees exclusively, Defendant

restaurant failed to plausibly allege facts to support they have suffered any damage or that Plaintiff

breached a duty of loyalty.  Defendants also failed to allege facts supporting causes of action for

prima facie tort or met the heightened pleading standard for fraud.

Finally, this Court should dismiss Defendants' counterclaims attempts at unlawful wage

deductions and as retaliatory.  Defendants waited to file the counterclaims until Plaintiff asserted her

rights under the FLSA and NYLL.  After Plaintiff detailed years of Defendants' misconduct in a

comprehensive wage and hour federal complaint, Defendants filed counterclaims because on two

undated occasions, Plaintiff, a waitress, allegedly pocketed tip money.   The counterclaims are

plausibly attempts to reduce Defendants' liability or retaliate.  If they are not dismissed, Plaintiff will

seek to amend the Complaint and add causes of action for retaliation under the FLSA and NYLL.

For the foregoing reasons, the Court should grant Plaintiff's motion to dismiss Defendants'

counterclaims.

Dated: Astoria, New York
            May 10, 2022

Sacco & Fillas, LLP

By: _____ */s/ Clifford Tucker*_____
     Clifford Tucker, Esq.
     3110 Newtown Ave, 7th Floor
     Astoria, New York 11102
     Ph: 718-269-2243
     CTucker@SaccoFillas.com