UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x

GUILLERMINA RODRIGUEZ GARCIA, *on behalf of themselves and all others similarly situated*,

        Plaintiff,

  -against-

THREE DECKER RESTAURANT, LTD., (d/b/a 3 Decker Restaurant), 1746 FOOD CORP., (d/b/a 3 Decker Restaurant), ATHANASIOS RAFTOPOULOS, RAMIRO TECORRAL, and MEREDITH RAFTOPOULOS, individually,

        Defendants.
————————————————————————x

No. 22 Civ. 01387 (CM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/2022

**ORDER**

McMahon, J.:

    Plaintiff Guillermina Rodriguez Garcia ("Plaintiff") is a former employee of Defendants' restaurant (3 Decker Restaurant) who is seeking redress, on behalf of herself and others similarly situated for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and New York Labor Law ("NYLL") §§ 650 *et seq.* Specifically, she alleges that Defendants failed to pay overtime wages (Counts I and II); failed to provide wage notices and wage statements (Counts III and IV); failed to pay spread-of-hours pay (Count V); and misappropriated gratuities by unlawfully demanding and distributing a portion of wait staff's tips (Count VI).

    Defendants – two corporations and three individuals who own, operate, or control 3 Decker Restaurant – filed an answer asserting affirmative defenses and the following New York state law counterclaims against Plaintiff: breach of the duty of loyalty (Count I); conversion (Count II); trespass to chattel (Count III); unjust enrichment (Count IV), breach of a fiduciary duty (Count V), deceit (Count VI), and prima facie tort (Count VII) (collectively, the "Counterclaims"). The Counterclaims are based on Defendants' assertion that their restaurant maintained tip jars for the purposes of tip sharing and that, on two occasions, video footage shows the Plaintiff pocketing tips and thus failing to place the money in tip jars for distribution to the other wait staff. Dkt. No. 29 at ¶¶ 152-53.

    On May 10, 2022, Plaintiff moved to dismiss Defendants' Counterclaims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Dkt. No. 30. On June 17, 2022, Defendants filed their opposition brief and – without filing a motion to amend – included as an Exhibit a First

1

Amended Answer. Dkt. No. 41. On July 12, 2022, Plaintiff filed her reply brief in further support of her motion to dismiss, in which Plaintiff asserted that she plans to amend her complaint to add a cause of action for minimum wage violations and a cause of action for retaliation. Dkt. No. 47 at 8, 10.

In light of the proposed amendments to both Plaintiff's complaint and Defendants' answer, the court will hold its decision on Plaintiff's motion to dismiss Defendants' Counterclaims in abeyance.

Plaintiff has **20 calendar days** following issuance of this order to amend her complaint. If she does, Defendants may file an answer to that amended complaint. If she does not, Defendants must file a motion to amend their answer and the court will decide that motion in conjunction with the motion to dismiss.

Dated:  October 19, 2022
New York, New York

_Colleen McMahon_
U.S.D.J.

BY ECF TO ALL COUNSEL