UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

GUILLERMINA RODRIGUEZ GARCIA, *on behalf of themselves and all others similarly situated*,

      Plaintiff,

-against-

THREE DECKER RESTAURANT, LTD. et al.,

      Defendants.

------------------------------------------------------------x

No. 22 Civ. 01387 (CM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/17/23

# DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO DISMISS AND DENYING DEFENDANTS LEAVE TO AMEND

McMahon, J.:

      Presently before the court are three motions: Defendants' motion for leave to amend their Second Amended Answer and Counterclaims (*see* Dkt. No. 69, 72, 73); Plaintiffs' motion to dismiss Defendant's Second Amended Answer and Counterclaims (Dkt. No. 90); and Plaintiffs' motion to extend the discovery deadlines (Dkt. No. 101 and 103) in light of Defendants' Third Amended Answer and Counterclaims ("TAA") that was filed together with Defendants' opposition brief to Plaintiffs' motion to dismiss. *See* Dkt. No. 100-4. I will not recite the tortured history of the pleadings in this matter.

      The motion to dismiss the Second Amended Answer and Counterclaims (Dkt. No. 68-4, "SAA") is denied. The motion is directed to the counterclaims; Plaintiffs' primary argument in support of their dismissal is that the court lacks jurisdiction over them, because they (1) arise under state law; (2) do not fall within the compulsory or permissive counterclaim rules of Fed. R. Civ. P. 13(a) or (b); and (3) and are not cognizable under any theory of supplemental jurisdiction. In addition to challenging jurisdiction, Plaintiffs assert that the counterclaims fail to state a viable claim for relief (Fed. R. Civ. P. 12(b)(6)) and that Defendants failed to meet the heightened pleading standards for pleading fraud, Fed. R. Civ. P. 9(b), or for faithless servant CPLR 3016(b). Plaintiffs also allege that Defendants' counterclaims must be dismissed as "retaliatory."[1]

      The facts underlying the counterclaims are these: one of the named Plaintiffs, Guillermina Rodriguez Garcia, allegedly pocketed tips by placing tip money into her apron rather than into a

---

[1] The seven counterclaims sound in breach of the duty of loyalty, conversion, trespass to chattel, unjust enrichment, breach of fiduciary duty, deceit, and prima facie tort. None of them is a claim for fraud – which would not lie on the facts alleged in any event. Nor are the claims premised on allegations of fraud. Therefore, the argument about heightened pleading pursuant to Rule 9(b) is completely off the mark.

tip jar from which all employees shared tips. SAA ¶ 218. A surveillance camera allegedly caught Ms. Garcia putting tip money into her apron rather than the tip jar on November 6, 2021; Defendants allege that other restaurant employees will testify that Ms. Garcia pocketed tip money on other occasions. Dkt. No. 100 at 2. A second surveillance video allegedly shows Ms. Garcia taking $2 from the restaurant's cash register. SAA ¶ 222. Defendants contend that this also was not an isolated incident, although their only evidence for the same is that some unidentified person told Defendant Athanasios Raftopoulos (an owner of Three Decker Restaurant) that unnamed customers had told the unidentified person that Ms. Garcia was pocketing money (Dkt. No. 100 at 3) – double hearsay, and utterly inadmissible. Defendants further assert that Mr. Raftopoulos noticed money missing from the cash register on a "daily basis" until Ms. Garcia stopped working at the restaurant, at which point this stopped. *Id.*

Plaintiffs are correct that if the counterclaims simply arose out of the employment relationship between Ms. Garcia and Defendants, the court would lack subject matter jurisdiction over them. *See Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 467 (S.D.N.Y. 2008). For example, if the counterclaims alleged that Ms. Garcia stole kitchen equipment or silverware from the Defendant restaurant, the claims would not arise out of the same transaction or occurrence that is the subject matter of the Plaintiffs' FLSA claims, which deal with wages and tips. 28 U.S.C. § 1367.

However, to the extent that the counterclaims touch on matters relating to her FLSA claim, the court does have jurisdiction over them. Courts in this circuit have held that a counterclaim relating to theft of tip money, which could impact such issues as the amount of tip credit and minimum wage owed to Garcia and her fellow employees, is related to the subject matter of the FLSA claims. *See, e.g., Stefanovic v. Old Heidelberg Corp.*, No. 18 CV 2093-LTS-KNF, 2019 WL 3745657, at *2 (S.D.N.Y. Aug. 8, 2019). Therefore, to the extent that the counterclaims are premised on the pocketing of tips by Garcia, they relate to the subject matter of the FLSA claims asserted in the complaint, for substantially the reasons articulated in Defendants' brief. *See* Dkt. No. 100 at 11-15. Since all of the counterclaims (which assert but a single claim, albeit under multiple theories of recovery) are premised in part on the allegation that Garcia pocketed tips, none of them can be dismissed.

However, to the extent that these same counterclaims are premised on her alleged stealing money from the cash register, the jurisdictional issue is no different than if she were accused of stealing the pots and pans. This sort of theft has nothing to do with whether Plaintiffs received the minimum wage or whether the tip credit requirements were satisfied. This particular allegation bears no relationship whatsoever to any FLSA claim. It is simple theft, over which this court lacks subject matter jurisdiction.

Defendants argue that the court has jurisdiction to the extent that recovery on such a claim could be "offset" against any recovery to which Garcia might be entitled on her FLSA claim. But "offset" does not confer subject matter jurisdiction – otherwise any claim of any sort for money damages that a defendant might assert against a plaintiff could be heard by a federal court on the theory that an award against plaintiff would "offset" any award against the defendants. It bears noting in this regard that, in the cases cited by Defendants for their "offset" argument, the only substantive factual allegation against the plaintiff were related to the underlying FLSA claim; any

asserted "faithless servant" claim in those cases (akin to Defendants' claims for 'breach of duty of loyalty" or "breach of fiduciary duty) was a claim over which the court had subject matter jurisdiction because the factual allegations underlying the counterclaim related integrally to the FLSA claims that had been asserted by the plaintiff, and so could be used as an "offset." *See e.g.*, *Stefanovic*, 2019 WL 3745657, at *2; *Barrera v. FF & A Rest. Corp.*, No. 19 CV 2747 (RPK), 2021 WL 2142650, at *7 (E.D.N.Y. Mar. 29, 2021), report and recommendation adopted sub nom. *Barrera v. F F & A Rest. Corp.*, No. 19CV2747RPKCLP, 2021 WL 2138875 (E.D.N.Y. May 25, 2021); *Markbreiter v. Barry L. Feinberg, M.D., P.C.*, No. 09 CIV. 5573 (LAK), 2010 WL 334887, at *1 (S.D.N.Y. Jan. 29, 2010). In none of those cases was the "faithless servant" claim predicated on conduct that had nothing to do with the FLSA claims. They thus do not support Defendants' argument that "offset" confers federal jurisdiction over a claim that manifestly has no relationship to the alleged FLSA violation.

Defendants also argue that the court should exercise supplemental jurisdiction over the "cash register theft" aspect of their pleading. However, "The essential facts for proving the counterclaims and the overtime claims 'are not so closely related that resolving both sets of issues in one lawsuit would yield judicial efficiency.'" *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 468 (S.D.N.Y. 2008); *see also Barrera*, 2021 WL 2142650, at *6 ("Numerous courts have declined to exercise supplemental jurisdiction over claims involving an employee's misconduct, including theft, when the only relationship between the plaintiff's FLSA claims and the counterclaims was the plaintiff's employment.") (collecting cases).

Therefore, while the counterclaims cannot be dismissed for want of subject matter jurisdiction, they can only be predicated on the alleged theft of tips; not on the alleged theft of money from the cash register. If Defendants want to assert such a claim they will have to do so in a state court – quite possibly in Small Claims Court.

Plaintiffs' assertion that Defendants' counterclaims are "retaliatory" does not afford a basis for dismissal because the counterclaims are not "baseless."

Courts in this Circuit have held that the filing of "baseless claims or lawsuits designed to deter claimants from seeking legal redress constitute impermissibly adverse retaliatory actions." *Torres*, 628 F. Supp. 2d at 472. But the key word is "baseless." These claims are not "baseless." "To sustain a claim of retaliation based on the filing of a lawsuit or a counterclaim, the plaintiff must allege both that the lawsuit or counterclaim was filed both 'with a retaliatory motive' and that it was filed 'without a reasonable basis in fact or law.'" *Kim v. Lee*, 576 F. Supp. 3d 14, 31 (S.D.N.Y. 2021), aff'd, No. 22-61, 2023 WL 2317248 (2d Cir. Mar. 2, 2023). Defendants purport to have both video surveillance footage and testimony from fellow employees that Ms. Garcia misappropriated tips; therefore there is no indication that their counterclaims are baseless.

Finally, in response to Plaintiffs' argument that Defendants fail to state a claim under Fed. R. Civ. P. 12(b)(6), Defendants asserted that "Defendants respectively submit that the claims as alleged state claims that are plausible on their face. Nonetheless, to address some of the issues presented by Plaintiff, Defendants respectfully submit a "Third Amended Answer with Counterclaims" as Exhibit "D" to this Memorandum of Law. Dkt. No. 100 at 20. Defendants (as

was the case with their Second Amended Answer) did not submit a formal motion for leave to amend.

Fed. R. Civ. P. 15(a) states that "[t]he court should freely give leave [to amend] when justice so requires." Under this liberal standard, leave is generally given as long as (1) the party seeking the amendment has not unduly delayed, (2) that party is not acting in bad faith or with a dilatory motive, (3) the opposing party will not be unduly prejudiced by the amendment, and (4) the amendment is not futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "'Futility' means that 'the proposed new claim cannot withstand a 12(b)(6) . . . if it appears beyond doubt that plaintiff can plead no set of facts that would entitle him to relief." *Id.* (internal citations and quotations omitted).

Defendants' filing of a Third Amended Answer would not be futile, but it is unnecessary. The new "faithless servant" claim – no doubt added in light of the holdings in cases such as *Stefanovic*, 2019 WL 3745657, at *2; *Markbreiter v. Barry L. Feinberg, M.D., P.C.*, 2010 WL 334887, at *1 – are no different than, and add nothing to, the already pleaded claims of "breach of loyalty" and "breach of fiduciary duty." Nor are the additional factual allegations needed to bolster those already in the Second Amended Answer and Counterclaims. In short, the proposed new pleading adds nothing of substance to the case. I prefer that the pleadings be closed.

There is no need for Defendants to file yet another Answer and Counterclaims shorn of the factual allegations relating to the cash register. Those are deemed stricken from the Second Answer and Counterclaims.

The Clerk of Court is respectfully directed to terminate the motions at Docket Number 69, 90, 101, and 103. The hearing scheduled for Thursday April 27 at 10:45 AM is terminated.

Dated: April 17, 2023
New York, New York

*[signature]*

U.S.D.J.

BY ECF TO ALL COUNSEL